[Cite as *State ex rel. Dunlap v. Violet Twp. Bd. of Trustees*, 2013-Ohio-2295.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO EX REL. | : | Patricia A. Delaney, P.J. |
| SCOTT DUNLAP | : | W. Scott Gwin, J. |
|  | : | William B. Hoffman, J. |
| Relator | : |  |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 12-CA-8 |
|  | : |  |
| VIOLET TOWNSHIP BOARD OF | : |  |
| TRUSTEES, ET AL. | : | O P I N I O N |
|  |  |  |
| Respondents |  |  |

CHARACTER OF PROCEEDING:      Writ of Mandamus

JUDGMENT:      Writ Granted in part; Denied in part.

DATE OF JUDGMENT ENTRY:      May 30, 2013

APPEARANCES:

For Relator:

WESLEY T. FORTUNE
Fortune & Associates, LLC
421 Hill Road, North
Pickerington, Ohio  43147

For Respondents:

PAUL-MICHAEL LA FAYETTE
Poling and Petrello
300 East Broad Street, Suite 350
Columbus, Ohio  43215

*Delaney, P.J.*

{¶1 } Relator Scott Dunlap has filed a petition for writ of mandamus for alleged violations of Ohio's Sunshine Laws, R.C. 121.22 (Public Meetings Act) and R.C. 149.43 (Public Records Act). Respondents are the Violet Township Board of Trustees as well as the individual trustees, and they have filed an answer to the complaint. Both Relator and Respondents have filed motions for summary judgment. Said motions are now before this Court for consideration.

{¶2 } Essentially, Relator raises two arguments: (1) Respondents kept minutes which were "inadequate or incorrect" and (2) Respondents improperly entered into executive sessions on multiple occasions. Relator requests the writ to compel Respondents to prepare, file, and maintain full and accurate records of township proceedings, accounts and transactions and to conduct all meetings in public, except for properly called executive sessions.

{¶3 } Respondents in turn admit to four violations of the Public Meetings Act in regards to making proper motions to begin executive sessions. However, Respondents argue some of the admitted instances are barred by the applicable statute of limitations. Respondents further argue the remaining instances comply in all respects with the Sunshine laws.

{¶4 } SUMMARY JUDGMENT STANDARD

{¶5 } The Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639, 1996–Ohio–211, 663 N.E.2d 639 explained the standard for summary judgment: "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact

remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶6 }   MANDAMUS

{¶7 }   The Supreme Court has held, "R.C. 121.22(I), which affords mandatory injunctive relief by way of a common pleas court action to enforce the provisions of the Open Meetings Act, does not prevent a mandamus action. See *State ex rel. Fairfield Leader v. Ricketts* (1990), 56 Ohio St.3d 97, 102, 564 N.E.2d 486." *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commers* (2011),  128 Ohio St.3d 256, 261, 943 N.E.2d 553, 560.   Further, the Supreme Court has held, "R.C. 121.22 and 149.43 are construed in pari materia for purposes of maintaining a record of the proceedings of public bodies and making minutes of those proceedings available to the public. See, e.g., *State ex rel. Long v. Cardington Village Council* (2001), 92 Ohio St.3d 54, 56, 748 N.E.2d 58" *Id.* at 263-264.

{¶8 }   To be entitled to the requested writ of mandamus, Relator must establish a clear legal right to minutes which are more detailed, a clear legal duty on the part of Respondents to provide those, and the lack of an adequate remedy at law.  *State ex rel. Inskeep v. Staten* (1996), 74 Ohio St.3d 676, 677, 660 N.E.2d 1207, 1208.

I.

{¶9 }   In his first "objection," Relator argues the minutes for January 20, 2010, April 7, 2010, April 21, 2010, November 3, 2010, and August 3, 2011 have "insufficient facts to understand and appreciate the rationale behind the Board's decision."

{¶10 } Respondents argue the minutes are self explanatory by referencing the resolution numbers being approved.  Further, Respondents argue Relator has provided no evidence that any discussion took place regarding these votes other than that which is already contained in the minutes.  In other words, the resolutions were approved without additional discussion and based upon review of the resolutions alone.

{¶11 } Relator does not offer any evidence as to any alleged missing details or any discussions had at the meeting which were not included in the written minutes. Relator merely avers that the minutes are too generalized.  We have reviewed the sixteen portions of the minutes cited by Relator in his Motion for Summary Judgment and find they are sufficiently detailed to comply with the statute.  We find the details presented in the minutes reflect the entirety of the discussion which took place relative to each vote at each meeting.  The requested writ of mandamus as to this "objection" is denied because Relator has failed to demonstrate a clear legal right to anything other than that which already appears in the minutes provided to him.

II.

{¶12 } In Relator's next "objection", he argues Respondents "failed to state with requisite specificity the purpose or purposes of convening executive sessions . . . in both its motion and vote and if any individuals present participated in the Executive Session during the Board's sessions."

{¶13 } Respondents have admitted the executive sessions entered into on January 15, 2010 and January 16, 2010 lacked a stated statutory purpose, however, Respondents argue these particular claims are time barred by the two year statute of limitations found in R.C. 121.22(I)(1). The instant complaint was filed on February 21, 2012 which would make these claims outside of a two year statute of limitations. Relator in turn argues there is a ten year statute of limitations pursuant to R.C. 2305.14.

{¶14 } R.C. 121.22(I)(1) provides in part,

{¶15 } "(I)(1) Any person may bring an action to enforce this section. An action under division (I)(1) of this section shall be brought within two years after the date of the alleged violation or threatened violation. Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions."

{¶16 } Relator has filed a writ of mandamus which is clearly brought as "an action to enforce this section." Based upon the language of the statute, we find Relator's claims relative to any alleged failures to comply with the Open Meetings Act are subject to a two year statute of limitations. For this reason, Relator's claims relative to the January 15, 2010 and January 16, 2010 minutes are barred by the statute of limitations. Therefore, we will not grant the writ as it relates to the January 15, 2010 and January 16, 2010 minutes even though Respondent has admitted the minutes fail to comply with the statute. Although not raised by Respondents, we likewise hold that claims relative to the minutes for January 20, 2010 are barred by the statute of limitations.

{¶17 } Respondents have admitted the January 4, 2011 and November 2, 2011 minutes fail to state with requisite specificity the reason for entering into executive session. For this reason, we grant the writ of mandamus as to these two dates.

{¶18 } There remain seven claims for improper entrance into executive session: April 7, 2010; April 21, 2010; May 5, 2010; November 3, 2010; April 28, 2011; May 18, 2011; and August 3, 2011. The minutes on each of these dates contain both a statutory reason for entering into executive session as well as a roll call vote as required by R.C. 121.22(G)(1).

{¶19 } The minutes for April 7, 2010 and April 21, 2010 both state in relevant part, "Mr. Meyers made a motion to go into Executive Session . . . to discuss sale or purchase of property (according to ORC Section 121.22 G-2)."

{¶20 } The minutes for November 3, 2010 provide, "Mr. Meyers made a motion to go into Executive Session . . . per Section of the ORC 121.22-G4 to discuss personnel issues." Likewise, the minutes for May 18, 2011 state, "Mr. Weltrich made a motion to go into Executive Session . . . to discuss personnel issues per ORC Section 121.22 G4. . ."

{¶21 } We find Respondent's citation to an appropriate subsection on the foregoing dates coupled with a description of the topic to be discussed in the executive session satisfies the statutory requirements for entering an executive session.

{¶22 } On April 28, 2011, the following minutes were recorded, "Mr. Weltlich made a motion to go into Executive Session per the ORC Section 121.22(G)(1) to discuss legal issues," and on August 3, 2011, the following minutes were recorded, "Mr.

Dunlap made a motion to go into Executive Session to discuss personnel issues per ORC 121.22.G1."

{¶23} When an executive meeting is called, the statute clearly requires the minutes to specifically contain one or more of the purposes listed in R.C. 121.22(G)(1) if the meeting is called pursuant to subsection (G)(1). R.C. 121.22(G)(1) provides, "(G) Except as provided in division (J) of this section, the members of a public body may hold an executive session only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session and only at a regular or special meeting for the sole purpose of the consideration of any of the following matters:

{¶24} (1) To consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or the investigation of charges or complaints against a public employee, official, licensee, or regulated individual, unless the public employee, official, licensee, or regulated individual requests a public hearing. Except as otherwise provided by law, no public body shall hold an executive session for the discipline of an elected official for conduct related to the performance of the elected official's official duties or for the elected official's removal from office. If a public body holds an executive session pursuant to division (G)(1) of this section, the motion and vote to hold that executive session **shall state which one or more of the approved purposes listed in division (G)(1) of this section are the purposes for which the executive session is to be held**, but need not include the name of any person to be considered at the meeting." (emphasis added).

{¶25 } The minutes for April 28, 2011 and August 3, 2011 merely state "legal issues" and "personnel issues" rather than citing specifically to one of the issues provided in subsection (G)(1) such as "appointment, employment, dismissal, discipline, etc." For this reason, we find the minutes for these two dates do not comply with the statute.

{¶26 } The minutes for May 5, 2010 provide in relevant part, "Mr. Meyers made a motion to . . . go into Executive Session at 8:40 pm to discuss personnel issues according to ORC Section 121.22 G-2." ORC Section 121.22(G)(2) does not involve personnel issues, rather, it involves the sale or purchase of property. The minutes appear to either be inaccurate or contain a clerical error as to the correct sub section. For this reason, the writ will issue as it relates to the entrance into executive session in minutes for May 5, 2010.

III.

{¶27 } Finally, Relator argues he should be awarded the civil forfeiture amounts for violations due pursuant to R.C 121.22(I) as well as attorney fees pursuant to R.C. 121.22(I) and R.C. 149.43(C).[1]

{¶28 } R.C. 121.22(I) provides in part,

{¶29 } "(2)(a) If the court of common pleas issues an injunction pursuant to division (I)(1) of this section, the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction and shall award to that party all court costs and, subject to reduction as described in division (I)(2) of this section, reasonable attorney's fees. The court, in its discretion, may reduce an

---

[1] We note Relator withdrew his request for injunctive relief.

award of attorney's fees to the party that sought the injunction or not award attorney's fees to that party if the court determines both of the following: . . .

{¶30 } (i) That, based on the ordinary application of statutory law and case law as it existed at the time of violation or threatened violation that was the basis of the injunction, a well-informed public body reasonably would believe that the public body was not violating or threatening to violate this section;

{¶31 } (ii) That a well-informed public body reasonably would believe that the conduct or threatened conduct that was the basis of the injunction would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct."

{¶32 } The award of a civil forfeiture pursuant to R.C. 121.22(I) is only appropriate where an action has been brought in the court of common pleas and that court issues an injunction. This cause was not originated in the court of common pleas and an injunction was not issued. For these reasons, attorney fees cannot be awarded pursuant to R.C. 121.22(I).

{¶33 } While it appears from the plain language of the statute that an award of attorney fees would likewise be appropriate only where an injunction has been issued, the Supreme Court has held that an award of attorney fees may be appropriate where mandamus is issued for a violation of the open meetings act. See *State ex rel. Long v. Cardington Village Council* (2001), 92 Ohio St.3d 54, 60, 748 N.E.2d 58, 64.("Based on the foregoing, [Relator] has established her entitlement to the requested extraordinary relief in mandamus. She is also entitled to an award of attorney fees and costs. R.C. 149.43(C); cf. R.C. 121.22(I)(2).").

{¶34 } The conduct by Respondents in this case was not as egregious as the conduct where attorney fees have been awarded.  Attorney fees were awarded where the minutes were wholly incomplete and contained such errors as citing a member had voted who was not even on the council.    In the instant case, aside from the two instances where any statutory reason was omitted, it appears Respondents attempted to comply with the Sunshine laws by citing to a specific code section together with the topic which was to be discussed.  Of the many instances cited by Relator, only one clerical error or omission was found.  Further, the public benefit in bringing this cause is minimal at best in this case as the majority alleged violations have not been proven. For these reasons, we find an award of attorney fees is not warranted.

{¶35 } Relator is granted summary judgment as to the two instances admitted to by Respondents and as to the May 5, 2010, April 28, 2011, and August 3, 2011 minutes relative to entering into executive session.   Respondents are granted summary judgment as to all other portions of the petition.  A writ of mandamus is issued requiring Respondents to correct the errors found.

By: Delaney,  P.J.

Gwin, J. and

Hoffman, J. concur



JUDGES

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO, EX REL.          :
SCOTT DUNLAP                    :
                               :
                Relator         :
                               :
                               :
-vs-                            :        JUDGMENT ENTRY
                               :
VIOLET TOWNSHIP BOARD           :
OF TRUSTEES, ET AL.,            :
                               :
                Respondents     :        CASE NO. 12-CA-8


For the reasons stated in our accompanying Memorandum-Opinion on file, summary judgment is granted in favor of Relator as to the two instances admitted to by Respondents and as to the May 5, 2010, April 28, 2011, and August 3, 2011 minutes relative to entering into executive session. Respondents are granted summary judgment as to all other portions of the petition. A writ of mandamus is issued requiring Respondents to correct the errors found. Relator's request for attorney fees is denied. Costs assessed to be divided equally between Relator and Respondent Violet Township Board of Trustees.


_____


_____


_____

JUDGES