[Cite as *State ex rel. Ames v. Brimfield Twp. Bd. of Trustees*, 2019-Ohio-4926.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | : | **O P I N I O N** |
| Relator-Appellant, | : | |
| | | **CASE NO. 2019-P-0017** |
| - vs - | : | |
| BRIMFIELD TOWNSHIP BOARD OF TRUSTEES, | : | |
| | : | |
| Respondent-Appellee. | | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2017 CV 00491.

Judgment: Reversed and remanded.

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*James F. Mathews* and *Andrea K. Ziarko*, Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Respondent-Appellee).

TIMOTHY P. CANNON, J.

{¶1}    Appellant, Brian M. Ames ("Ames"), appeals from a decision rendered by the Portage County Court of Common Pleas granting summary judgment in favor of appellee, the Brimfield Township Board of Trustees ("the Board"). The trial court's judgment is reversed.

{¶2} On May 30, 2017, Ames filed a pro se "Verified Complaint in Mandamus, Injunction, and Declaratory Judgment" against the Board and the Board's three Trustees,[1] alleging 14 counts in violation of R.C. 121.22, Ohio's Open Meetings Act ("OMA"). Ames' counts all allege that, on specific dates in which meetings were held, the Board entered executive sessions for matters not permissible for non-public discussion under the exceptions contained in R.C. 121.22(G). The sole basis for these claims is the meeting minutes of each meeting, which fail to detail the specific exception claimed for entering an executive session. Ames discovered these alleged violations after requesting meeting minutes for meetings held by the Board in previous years during a "general survey" of various "public bodies" undertaken by Ames.

{¶3} The Board filed an answer, denying it had violated any provisions of R.C. 121.22. Thereafter, Ames and the Board each filed a motion for summary judgment, asserting no genuine issue as to any material fact alleged in the complaint remained to be litigated. Both parties attached a copy of the meeting minutes and discovery responses to the motions for summary judgment. The Board also attached an affidavit from one of the trustees of the Board, Mike Kostensky, who was present at each of the 14 meetings. His sworn averment, through the attached affidavit, was that "when a trustee makes a motion to move into executive session, the trustee follows the language as set forth in R.C. 121.22(G)," and that at each of the 14 meetings referenced in the complaint, "the motions to move into executive session were made pursuant to R.C. 121.22(G)(1), and no discussions or deliberations as to public business were improperly held outside the public meeting."

---

1. The individual Trustees are not parties to the appeal.

2

{¶4} Ames' sole theory in support of granting summary judgment is that the meeting minutes demonstrate a violation of R.C. 121.22. The Board contends R.C. 121.22(G) requires specific reference in the motion and vote held during a meeting, but it does not require a verbatim description of the applicable exception under R.C. 121.22(G) in the meeting minutes. Further, it contends the executive sessions held on the dates cited in the complaint were compliant with the exception contained in R.C. 121.22(G)(1).

{¶5} On February 13, 2019, the trial court issued a judgment entry granting the Board's motion for summary judgment and denying Ames' motion for summary judgment. The trial court held the following:

> This case presents a threshold legal issue: Whether the relator met his burden of proof of establishing violations of the OMA simply by alleging the *minutes* did not state specifically what the *motion* is required to state. * * *
>
> Trustee Kostensky testified by affidavit that when making the motion to enter into the aforementioned executive sessions, the Board followed the operative language from R.C. 121.22(G). Therefore[,] I find the Board moved to enter into the alleged executive sessions according to the OMA.
>
> The OMA states that if a public body holds an executive session pursuant to R.C. § 121.22(G)(1), the *motion* and *vote* to hold that executive session shall state which one or more of the approved purposes listed in that division are the purposes for which the executive session is to be held. I find there is no requirement that the *minutes* must contain a verbatim recitation of the motion read from the OMA, but that the minutes "need only reflect the general subject matter of discussions in executive sessions." R.C. 121.22(C). [Emphasis sic.]

{¶6} Ames filed a timely notice of appeal and raises one assignment of error for our review:

{¶7} "The Trial Court erred in granting summary judgment for the Board and denying summary judgment for Ames."

3

{¶8} The issue presented for review and argument by Ames is as follows: "Must the meeting minutes of a public body be accurate enough to show that the motions and votes to hold executive session complied with the OMA?"

**Standard of Review**

{¶9} From the outset, the parties disagree on the applicable standard of review. Ames advocates for a de novo standard of review because the trial court found no violation of the OMA before denying him summary judgment and granting summary judgment in favor of the Board. *See* S*tate ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 11th Dist. Portage No. 2016-P-0057, 2017-Ohio-4237, ¶17. The Board contends that, because Ames filed the action in mandamus rather than directly under the OMA, the standard of review is abuse of discretion by the trial court. *See* S*tate ex rel. Scott v. City of Streetsboro*, 150 Ohio St.3d 1, 2016-Ohio-3308, ¶18.

{¶10} While the general rule is that the standard of review in a mandamus case is abuse of discretion, where the lower court grants summary judgment, this court reviews the decision de novo. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, ¶17, citing *State ex rel. Anderson v. Vermilion*, 134 Ohio St.3d 120, 2012-Ohio-5320, ¶8-9. This court has previously held, in accordance with the Ohio Supreme Court, that the appropriate standard of review for summary judgment on a mandamus action is de novo. *State ex rel. Brannon v. Lakeview School Bd. of Edn.*, 11th Dist. Trumbull No. 2015-T-0034, 2016-Ohio-1367, ¶8, citing *Manley*, *supra*, at ¶17. "Further, this case involves the interpretation of Ohio's Open Meeting Act. Our review of the trial court's construction of statutes involves questions of law, which we review de novo." *Radtke v. Chester Twp.*, 11th Dist. Geauga No. 2014-G-3222, 2015-Ohio-4016, ¶19, citing

4

*Beaumont v. Kvaerner N. Am. Constr.,* 11th Dist. Trumbull No. 2013-T-0047, 2013-Ohio-5847, 2013 WL 6887969, ¶8.

**Summary Judgment**

{¶11} "Summary judgment is a procedural device intended to terminate litigation and to avoid trial when there is nothing to try." *Frano v. Red Robin Internatl., Inc.*, 181 Ohio App.3d 13, 2009-Ohio-685, ¶12 (11th Dist.), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358 (1992). Summary judgment is proper when (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

{¶12} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). The moving party must point to some evidence of the type listed in Civ.R. 56(C) (e.g., depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact) that affirmatively demonstrates there is no genuine issue of material fact. *Id.* at 292-293.

{¶13} "While summary judgment is a beneficial procedure aiding in the swift administration of justice, it must also 'be used cautiously and with the utmost care so that a litigant's right to a trial * * * is not usurped in the presence of conflicting facts and

5

inferences.'" *Fifth Third Mtge. Co. v. Perry*, 4th Dist. Pickaway No. 12CA13, 2013-Ohio-3308, ¶35, quoting *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 15 (6th Dist.1983).

**Violation of the OMA**

{¶14} The specific issue presented to this court on appeal is as follows: Does the R.C. 121.22(C) directive that the minutes "need only reflect the general subject matter of discussions in executive sessions" require the minutes to include the applicable exception under R.C. 121.22(G) for entering an executive session?

{¶15} The purpose of Ohio's OMA "is to assure accountability of elected officials by prohibiting their secret deliberations on public issues." *State ex rel. Cincinnati Enquirer v. Hamilton Cty. Commrs.*, 1st Dist. Hamilton No. C-010605, 2002 WL 727023, *1 (Apr. 26, 2002) (citation omitted). The Act "shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings, unless the subject matter is specifically excepted by law." R.C. 121.22(A).

{¶16} The exceptions to the public meeting requirement are contained in R.C. 121.22(G), which states, "the members of a public body may hold an executive session only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session * * * for the sole purpose of the consideration of any of the following matters [enumerated in (G)(1)–(8)]." R.C. 121.22(G). The exception claimed by the Board, through its submitted affidavit, in each of the 14 instances where an executive session was held is contained in R.C. 121.22(G)(1):

> To consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or the investigation of charges or complaints against a public employee, official, licensee, or regulated individual, unless the public employee, official, licensee, or regulated individual requests a public hearing. * * *

6

If a public body holds an executive session pursuant to division (G)(1) of this section, the motion and vote to hold that executive session shall state which one or more of the approved purposes listed in division (G)(1) of this section are the purposes for which the executive session is to be held, but need not include the name of any person to be considered at the meeting.

Hence, contained in R.C. 121.22(G)(1) are the following exceptions for entering an executive session: (1) appointment, (2) employment, (3) dismissal, (4) discipline, (5) promotion, (6) demotion, or (7) compensation of a public employee or official, and (8) the investigation of charges or complaints against a public employee, official, licensee, or regulated individual. None of these enumerated exceptions are stated in the meeting minutes of the 14 meetings at issue.

{¶17} With regard to a township's duty to record meeting minutes, R.C. 507.04(A) states that "[t]he township fiscal officer shall keep an accurate record of the proceedings of the board of township trustees at all of its meetings, and of all its accounts and transactions, including the acceptance of the bonds of township officers." Further, Ohio law gives the Board the authority to appoint any person to take the meeting minutes. R.C. 504.09 ("Notwithstanding section 507.04 of the Revised Code and anything to the contrary in section 504.04 of the Revised Code, the board may designate, by majority vote, any person to keep its journal and take the minutes of board meetings.").

{¶18} "However, the recording to be done * * * is a ministerial act, and the omission of making or keeping such a record does not, per se, invalidate the action of a board of township trustees, which is otherwise valid." *Thomas v. Bd. of Trustees*, 5 Ohio App.2d 265, 266-67 (7th Dist.1966) (citation omitted). Further, Ohio law does not prescribe a heightened level of specificity with which to record meeting minutes.

7

{¶19} While this issue has not been addressed directly by our court, the Ohio Supreme Court previously addressed the sufficiency of meeting minutes dealing with an emergency declaration. The minutes in that case reflected the measure was adopted as an emergency measure and that it was "necessary for the preservation of the public health, safety and welfare * * *." *State ex rel. Laughlin v. James*, 115 Ohio St.3d 231, 2007-Ohio-4811, ¶10. The relator in that mandamus case argued there was no real emergency and that the minutes needed to reflect with specificity what the emergency was. The Ohio Supreme Court disagreed, stating that the ordinance "set forth sufficient reasons for its passage as an emergency ordinance." *Id.* at ¶38. The Court further stated:

> [Relators] erroneously claim that there is a requirement that the council minutes must show that there was a discussion about the reasons supplied for the emergency declaration. [Analogous statute] does not require any such discussion, and *we cannot impose a duty on the village council that the statute does not. See State ex rel. Boccuzzi v. Cuyahoga Cty. Bd. of Commrs.,* 112 Ohio St.3d 438, 2007-Ohio-323, 860 N.E.2d 749, ¶18, quoting *State ex rel. Lecklider v. School Emp. Retirement Sys.,* 104 Ohio St.3d 271, 2004-Ohio-6586, 819 N.E.2d 289, ¶23 ("'In mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty enforceable in mandamus'"); *see, also, State ex rel. Willke v. Taft,* 107 Ohio St.3d 1, 2005-Ohio-5303, 836 N.E.2d 536, ¶22 (applying this rule in an election case).

*Id.* at ¶35 (emphasis added).

{¶20} The governing provision for the meeting minutes in the present matter is R.C. 121.22(C), which states that "[t]he minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained and shall be open to public inspection. The minutes need only reflect the general subject matter of discussions in executive sessions authorized under division (G) or (J) of this section."

8

{¶21} The narrow question is whether the phrase "general subject matter" in the OMA provision includes the purpose of entering into executive session. In other words, if the board enters into executive session, should the minutes reflect the specific reason they entered executive session? We answer that question in the affirmative. In the *Laughlin* case above, in order to properly declare an ordinance an emergency measure, it must be for the "preservation of the public health, safety and welfare." The minutes in that case reflected that the emergency measure was adopted in compliance with this requirement.

{¶22} In this case, however, there is no indication in the minutes that the Board complied with the law. There is no indication that the stated purpose for going into executive session is memorialized in any other form, such as a resolution incorporated into the minutes. By not including in the meeting minutes the proper statutory purpose for entering executive session, the public cannot determine whether it was for a proper purpose or whether any action related thereto is valid.

{¶23} We agree with the conclusion from the Fifth Appellate District in the matter of *State ex rel. Dunlap v. Violet Twp. Bd. of Trustees*, 5th Dist. Fairfield No. 12-CA-8, 2013-Ohio-2295. There, the court stated that "[w]hen an executive meeting is called, the statute *clearly requires the minutes* to specifically contain one or more of the purposes listed in R.C. 121.22(G)(1) if the meeting is called pursuant to subsection (G)(1)." *Id.* at ¶23 (emphasis added); *accord* Ohio Attorney General Dave Yost, *Ohio Sunshine Laws 2019: An Open Government Resource Manual*, at 114, available at www.OhioAttorneyGeneral.gov/Sunshine.

9

{¶24} The minutes must reflect each of the purposes for which the executive session was held in order for the public to discern whether the non-public meeting was properly excepted under the OMA. In other words, if it was entered pursuant to (G)(1), the minutes should generally reflect one or more of the eight purposes stated therein. Interpreting R.C. 121.22(C) any other way is contrary to the purpose and intent of the OMA. A citizen should not be forced to file a mandamus action to determine whether a board has conducted business in a lawful manner under the OMA. We agree, however, with the *Laughlin* decision in that there is no requirement for the minutes to provide any further specificity.

**Ames' Motion for Summary Judgment**

{¶25} Ames seeks, inter alia, a writ of mandamus requiring the Board to comply with the provisions of the OMA. As discussed above, the Board minutes failed to adequately reflect the purposes for entering executive sessions during the meetings cited in the complaint. Therefore, this failure to include the purpose of the executive session constitutes a technical violation of R.C. 121.22(C), and Ames was entitled to summary judgment on his claims in that regard.

{¶26} However, the violations in this matter are technical in nature. Because we have only now clarified the specificity requirement of the Board's minutes, it is reasonable to conclude that the Board believed it was not in violation of, or threatening to violate, the OMA and that its conduct, or threatened conduct, that was the basis of Ames' complaint would serve the public policy. Ames did not allege, nor did he offer evidence, indicating the Board acted improperly due to formal actions taken once it entered an executive

10

session. The only violation alleged was based on the Board's failure to sufficiently state the specific statutory purpose for entering executive sessions in its meeting minutes.

**The Board's Motion for Summary Judgment**

{¶27} The Supreme Court of Ohio has held that "[b]y using general terms like 'personnel' and 'personnel and finances' instead of one or more of the specified statutory purposes, respondents violate[] R.C. 121.22(G)(1)." *State ex rel. Long v. Cardington Village Council*, 92 Ohio St.3d 54, 59 (2001), citing *Jones v. Brookfield Twp. Trustees*, 11th Dist. Trumbull No. 92-T-4692, 1995 WL 411842, *3 (June 30, 1995) ("a reference to 'police personnel issues' does not technically satisfy [the R.C. 121.22(G)(1)] requirement because it does not specify which of the approved purposes was applicable in this instance").

{¶28} With regard to the Board's motion for summary judgment, the meeting minutes and affidavit submitted do not demonstrate the contents of the motion and vote made during each meeting or the portion(s) of R.C. 121.22(G) that were the subject of entering executive sessions. The affidavit testimony from a trustee that making a motion to proceed to executive session "follows the language as set forth in R.C. 121.22(G)" and that "the motions to move into executive session were made pursuant to R.C. 121.22(G)(1)" does not specifically identify the portion of R.C. 121.22(G)(1) justifying the motion. As stated above, the statute requires specificity in the motion and vote to enter an executive session under R.C. 121.22(G)(1).

{¶29} Further, as we have determined here, the meeting minutes must reflect each of the purposes for which the executive session was held in order to establish that an executive session was properly convened. Otherwise, the purpose and intent of the

11

OMA is circumvented absent the filing of a lawsuit to discover the reasoning for entering an executive session. Therefore, summary judgment in favor of the Board was in error.

**Conclusion**

{¶30} Ames' sole assignment of error has merit. The meeting minutes of the Board fail to sufficiently identify an excepted purpose for entering into executive session on the dates contained in each count of the complaint.

{¶31} The judgment of the Portage County Court of Common Pleas is reversed. The matter is remanded for the trial court to enter judgment in favor of Ames on summary judgment, issue the appropriate injunction, and issue an award of fees for a technical violation of the OMA consistent with this opinion.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.