[Cite as *State ex rel. Ames v. Chardon Twp. Bd. of Trustees*, 2026-Ohio-2134.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>BRIAN M. AMES, | **CASE NO. 2025-G-0038** |
| Relator-Appellant, | Civil Appeal from the<br>Court of Common Pleas |
| BRIAN M. AMES, | |
| Plaintiff-Appellant, | Trial Court No. 2025 M 000370 |
| - vs - | |
| CHARDON TOWNSHIP BOARD<br>OF TRUSTEES, | |
| Respondent/Defendant-<br>Appellee. | |

---

## OPINION AND JUDGMENT ENTRY

Decided: June 8, 2026
Judgment: Affirmed in part and reversed in part; remanded

---

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator/Plaintiff-Appellant)

*James R. Flaiz*, Geauga County Prosecutor, and *Linda M. Applebaum*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Respondent/Defendant-Appellee).

MATT LYNCH, P.J.

{¶1} Relator/plaintiff-appellant, Brian M. Ames, appeals the judgment of the Geauga County Court of Common Pleas, denying his Civ.R. 12(C) motion for judgment on the pleadings and awarding summary judgment to respondent/defendant-appellee, Chardon Township Board of Trustees ("the Board"). Ames had alleged the Board

committed several violations of R.C. 121.22, the Open Meetings Act ("OMA"). After a careful review of Ames' assignments of error, the record, and pertinent law, we affirm the trial court's judgment denying his motion for judgment on the pleadings, reverse the trial court's judgment awarding summary judgment in favor of the Board, and remand the matter in accordance with the following.

{¶2} On May 28, 2025, Ames filed a complaint against the Board, alleging four violations of the OMA. Ames included the minutes from four meetings the Board held on December 4, 2024, January 2, 2025, March 5, 2025, and April 26, 2025.

{¶3} In Count 1, "holding an executive session for an unapproved purpose," Ames alleged that the minutes of the four meetings at issue violate R.C. 121.22(G)(1), because they do not state a statutory purpose for the executive sessions that were held during those meetings. The minutes reflect that on December 4, 2024, the Board held an executive session "for ORC 121.22(G)"; on January 2, 2025, the Board held an executive session "for ORC 121.22(G)(1)"; on March 5, 2025, the Board held an executive session "for ORC 121.22(G)"; and on April 26, 2025, the Board held an executive session "per ORC 121.22(G)(1)." Ames further alleged the Board "violated and threatens to continue violating R.C. 121.22 by holding executive sessions for matters not specifically excepted in R.C. 121.22(G)," and "[a]ll resolutions, rules, and formal actions adopted in an open meeting that result from deliberation in executive sessions held for a purpose not specifically authorized in R.C. 121.22(G) are invalid by the operation of R.C. 121.22(H)."

{¶4} In Count 2, "failure to keep full and accurate minutes" in violation of R.C. 121.22(C), Ames alleged the Board's minutes do not include enough facts and information to permit the public to understand and appreciate the rationale behind its

Case No. 2025-G-0038

decisions, and they fail to reflect the discussions held in the executive sessions. Ames further alleged that none of the minutes reflect whether the votes were taken by show of hands, voice, roll call, or other method, and the March 5, 2025 minutes do not reflect whether a vote was taken on the motion to hold the executive session.

{¶5} In Count 3, "failure to establish a rule for notification of meetings compliant with R.C. 121.22(F)," Ames alleged that at the December 4, 2024 meeting, the Board established its rule for providing notices of its meetings. He further alleged this rule is silent as to any method or manner of notifying the public of the time, place, and purpose of special meetings and "provides no method for a person to obtain reasonable advance notification of all meetings at which a specific type of public business is discussed."

{¶6} In Count 4, "holding a special meeting without having established a rule for notification of meetings compliant with R.C. 121.22(F)," Ames alleged that on April 26, 2025, the Board held a special meeting despite not having a valid notice rule.

{¶7} In his prayer for relief, Ames requested the Court to do all the following:

- issue a declaratory judgment finding the Board violated R.C. 121.22;

- for the violations set forth in Count 1, issue an injunction enjoining the Board from holding an executive session for a purpose not listed in R.C. 121.22(G);

- for the violations set forth in Count 2, issue an injunction ordering the Board to maintain full and accurate minutes of all meetings;

- issue a writ of mandamus order requiring the Board to prepare full and accurate minutes of its meetings;

Case No. 2025-G-0038

- for the violations set forth in Count 3, issue an injunction compelling the Board to establish a rule for notification of its meetings in compliance with R.C. 121.22(F);

- for the violations set forth in Count 4, issue an injunction prohibiting the Board from holding a special meeting until it establishes a rule for notification of its meetings pursuant to R.C. 121.22(F);

- order the Board to pay Ames a $500 civil forfeiture for each violation as mandated by R.C. 121.22(I)(2)(a); and

- award Ames his court costs and reasonable attorney fees pursuant to R.C. 121.22(I)(2)(a).

{¶8} On June 17, 2025, the Board filed its answer, denying the allegations in Ames' complaint. As relevant to Ames' first assignment of error, the Board's answer denied what it considered to be factual allegations against it and stated it did "not admit or deny" the other allegations since it deemed them to be legal conclusions. The Board included a "catch-all," stating "[a]ny allegations not specifically admitted in the prior answer is specifically denied."

{¶9} On June 18, 2025, Ames filed a Civ.R. 12(C) motion for judgment on the pleadings, contending that the allegations the Board did not specifically deny are deemed admitted pursuant to Civ.R. 8(D), thus there were no genuine issues of material fact, and he was entitled to judgment as a matter of law.

{¶10} On August 1, 2025, the Board filed a motion for summary judgment and brief in opposition to Ames' motion for judgment on the pleadings. The Board attached an affidavit of the Board's administrative assistant, Lisa Nelson.

{¶11} In response to Ames' Civ.R. 12(C) motion, the Board argued it denied those portions of the complaint that were factual allegations against the Board, and legal conclusions do not have to be specifically denied.

{¶12} In its motion for summary judgment, the Board argued there were no genuine issues of material fact, and it was entitled to judgment as a matter of law on Count 1 because the minutes reflected the Board entered into executive sessions for "purposes of R.C. 121.22(G)(1)," as demonstrated by Nelson's affidavit. Nelson averred in her affidavit that she inadvertently left out the "(1)" when she transcribed two of the meeting minutes. Thus, the January 2, 2025 and April 26, 2025 minutes stated the Board went into an executive session for "ORC 121.22(G)." She further averred the Board entered those executive sessions for proper purposes set forth in R.C. 121.22(G)(1), since they were held to discuss employee compensation, employee bonuses, and employee discipline.

{¶13} On Count 2, the Board argued the minutes were accurate because, as the Board argued in Count 1, the executive sessions were held for valid "R.C. 121.22(G)(1)" purposes.

{¶14} On Counts 3 and 4, the Board argued the December 4, 2024 meeting did not create a rule to provide notices of meetings pursuant to R.C. 121.22(F). Nelson attested that the Board's practice is to "advertise notice of the time and place of all meetings and special meetings on its website, Facebook account, in the Maple Leaf, and in the NewsHerald." Nelson further averred the Board also provides "copies of the Board's minutes or advanced notices for free," copies of the minutes can be downloaded for free from the township's website, and under the "available meeting minutes" section

on the website, the Board provides a notice that states "Audio recordings of the Board of Trustees meetings can be obtained by contacting the Fiscal Officer. If you would like to be notified via email of all special meetings, please contact the township." Thus, the Board argued it is compliant with R.C. 121.22(F) because its "policy provides for advance notice of special and regular meetings, and provides free access and copies of the same."

{¶15} On the same day, Ames filed a reply in support of his Civ.R. 12(C) motion for judgment on the pleadings. Ames argued his motion must be decided before the Board's motion for summary judgment and reiterated that because the Board did not specifically deny the allegations in the complaint, those allegations are deemed admitted and he is entitled to judgment as a matter of law. He further argued Nelson's affidavit could not be considered because the Board did not attach it to its answer. Ames did not file a response in opposition to the Board's motion for summary judgment.

{¶16} On September 25, 2025, the trial court issued a judgment entry denying Ames' Civ.R. 12(C) motion for judgment on the pleadings and granting the Board's motion for summary judgment on all four claims of Ames' complaint.

{¶17} More specifically, in denying Ames' Civ.R. 12(C) motion, the trial court found that a review of the Board's answer established the Board did not respond to averments or allegations in the complaint that called for legal conclusions, but specifically denied all averments and allegations that contained a statement of wrongdoing by the Board and/or assertions of specific claims against the Board. Finding this sufficient to deny Ames' allegations, the trial court denied Ames' Civ.R. 12(C) motion.

{¶18} In granting the Board's motion for summary judgment, the court found as follows. On Count 1, the Board identified purposes that are "approved" by statute for the

Case No. 2025-G-0038

executive sessions that were held during the meetings at issue. Nelson averred that the executive sessions were held to consider employee compensation and employee discipline and that she inadvertently left out the "(1)" from "R.C. 121.22(G)(1)" in the December 4, 2024 and March 5, 2025 meeting minutes. The court further found Ames did not specifically identify which "purposes" were "unapproved," and he failed to contest Nelson's averments. Therefore, the Board's averments were "taken as fact," and the Board was entitled to judgment as a matter of law.

{¶19} On Count 2, the trial court found the Board was not required to, nor should it, publish minutes of a discussion held in an executive session. No other reasons besides those established by Nelson in her affidavit were required by law, and the court had determined in Count 1 that the executive sessions held during the four meetings at issue were not "illegal." Thus, the Board was entitled to judgment on Count 2.

{¶20} Lastly, on Counts 3 and 4, the trial court found the Board complied with R.C. 121.22(F), because Nelson averred in her affidavit that it is the Board's policy to provide notice of the time and place of meetings on its website, its Facebook account, and in two general circulation newspapers. In addition, the public can provide an email address to receive notice of any special meetings for free. Thus, the Board was entitled to judgment on Counts 3 and 4.

{¶21} Ames timely appealed and raises two assignments of error for our review:

{¶22} "[1.] The trial court committed reversible error by employing the wrong standard of review to the [sic] Mr. Ames' motion for judgment on the pleadings.

{¶23} "[2.] The trial court committed reversible error by granting summary judgment to the Board."

## The Open Meetings Act

{¶24} "The purpose of the OMA is to prevent public officials from meeting secretly to deliberate on public issues without accountability to the public." *Ames v. Portage Cty. Budget Comm.*, 2022-Ohio-1905, ¶ 41 (11th Dist.), citing *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 544 (1996).

> The OMA states that '[a]ll meetings of any public body are declared to be public meetings open to the public at all times.' R.C. 121.22(C). The OMA must be 'liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law.' R.C. 121.22(A). The OMA provides that '[a] resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body.' R.C. 121.22(H).

> The OMA also imposes notification requirements for a public body's meetings. R.C. 121.22(F) provides, in relevant part, that '[e]very public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings.' The OMA provides that '[a] resolution, rule, or formal action adopted in an open meeting is invalid if the public body that adopted the resolution, rule, or formal action violated [R.C. 121.22(F)].' R.C. 121.22(H).

> The OMA authorizes '[a]ny person' to 'bring an action to enforce' its provisions 'within two years after the date of the alleged violation or threatened violation.' R.C. 121.22(I)(1). 'Upon proof of a violation or threatened violation . . ., the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions.' *Id.* 'If the court of common pleas issues an injunction pursuant to [R.C. 121.22(I)(1)], the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction . . . .' R.C. 121.22(I)(2)(a).

(Emphasis deleted.) *Id*. at ¶ 42-44.

## Civ.R. 12(C) Motion for Judgment on the Pleadings

{¶25} In his first assignment of error, Ames challenges the trial court's denial of his Civ.R. 12(C) motion for judgment on the pleadings. He argues there were no genuine

issues of material fact because the Board failed to deny all the factual allegations in the complaint, deeming them admitted pursuant to Civ.R. 8(D), and he was entitled to judgment as a matter of law.

{¶26} Pursuant to Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Because Civ.R. 12(C) motions test the legal basis for the claims asserted in a complaint, the appellate standard of review is de novo." *Edwards v. Kelly*, 2021-Ohio-2933, ¶ 7 (8th Dist.), citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569-570 (1996) ("Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.") "Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the complaint and answer, as well as any material attached as exhibits to those pleadings." *Id. See also Cool v. Frenchko*, 2022-Ohio-3747, ¶ 21-22 (10th Dist.) (noting the same standard of review is applied to both Civ.R. 12(B)(6) and Civ.R. 12(C) motions, the only difference being the Civ.R. 12(C) motion allows the court to consider both the complaint and the answer).

{¶27} "'Civ.R. 12(C) motions are specifically for resolving questions of law[,]' such as application of the statute of limitations [or other] affirmative defenses that appear on the face of the complaint or personal jurisdiction issues." *Edwards* at ¶ 8, quoting *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581 (2001). "Under Civ.R. 12(C), matters outside the pleading cannot be considered because such motions are restricted to considering only the allegations contained within the four corners of the pleadings." *Id.*

Case No. 2025-G-0038

{¶28} Fundamentally, in reviewing a trial court's ruling on a Civ.R. 12(C) motion, "an appellate court will not consider conclusions that are not supported by factual allegations in the pleading because such conclusions cannot be deemed admitted and are insufficient to withstand a motion to dismiss." *Arms Trucking Co. v. Braun*, 2014-Ohio-5077, ¶ 22 (11th Dist.), citing *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989) (applying this standard to a Civ.R. 12(B) motion to dismiss).

{¶29} In *Portfolio Recovery Assocs., L.L.C. v. VanLeeuwen*, 2016-Ohio-2962 (2d Dist.), the Second District reversed the trial court's judgment on the pleadings in favor of the plaintiff on the claims in the plaintiffs' complaint. In that case, the plaintiff argued it had established standing as the assignee of the defendant's account because the defendant did not deny this allegation in his answer. *Id.* at ¶ 14. The Second District found this allegation was "an unsupported conclusion not subject to admission for the purpose of obtaining a judgment on the merits pursuant to a motion for judgment on the pleadings." *Id.*

{¶30} The court aptly explained: "In the review of a motion for judgment on the pleadings to dismiss a complaint, the Supreme Court of Ohio has declared that, 'entry of judgment pursuant to Civ.R. 12(C) is only appropriate "where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief."'" *Id.* at ¶ 15, quoting *Hester v. Dwivedi*, 89 Ohio St.3d 575, 577-578 (2000), quoting *Midwest Pride IV*, 75 Ohio St.3d at 570. "This high burden is not lessened when a motion for a judgment on the pleadings is filed to obtain judgment, as the movant must prove,

beyond a doubt, the absence of any genuine issue of fact and that it is entitled to judgment as a matter of law. We have held that a summary judgment 'is to be awarded only with great caution, with all doubts resolved in favor of the nonmoving party, because it deprives the nonmoving party of his day in court.' The same degree of caution must be exercised when considering a motion for judgment on the pleadings." *Id.*, quoting *Smith v. Five Rivers MetroParks*, 134 Ohio App.3d 754, 764 (2d Dist. 1999), citing *Norris v. Ohio Std. Oil Co.*, 70 Ohio St.2d 1, 2 (1982).

{¶31} We agree, and it bears saying what this court often advises on summary judgment, which is also applicable to judgment on the pleadings: "since [such a] judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial.'" *Welch v. Ziccarrelli*, 2007-Ohio-4374, ¶ 40 (11th Dist.).

{¶32} Quite simply, Ames cannot rely on unsupported legal conclusions that the Board did "not admit or deny," since they are not subject to admission for the purpose of obtaining a judgment on the merits pursuant to a Civ.R. 12(C) motion. Accordingly, his motion was properly denied.

{¶33} Ames' first assignment of error is without merit.

**Motion for Summary Judgment**

{¶34} In his second assignment of error, Ames contends the trial court committed reversible error by granting summary judgment in favor of the Board because Nelson's affidavit cannot establish valid statutory purposes for executive sessions pursuant to R.C. 121.22(G)(1); Nelson admitted the statutory purposes were not reflected in the meeting minutes, thus the minutes are not "full and accurate"; and the policy Nelson averred to is not compliant with a notice rule pursuant to R.C. 121.22(F).

{¶35} We review a trial court's summary judgment order de novo. *Sabo v. Zimmerman*, 2012-Ohio-4763, ¶ 9 (11th Dist.). "'A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law.'" *Id.*, quoting *Hapgood v. Conrad*, 2002-Ohio-3363, ¶ 13 (11th Dist.).

{¶36} "The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party." *Welch*, 2007-Ohio-4374, at ¶ 40 (11th Dist.).

{¶37} "Because summary judgment represents a shortcut through the normal litigation process by avoiding a trial, the burden is strictly upon the moving party to establish, through the evidentiary material permitted by the rule, that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law." *Fugate v. Volck*, 79 Ohio App.3d 263, 266 (2d Dist.1992), citing Civ.R. 56(C) and *AAAA Enterprises v. River Place*, 50 Ohio St.3d 157, 161 (1990).

{¶38} The motion for summary judgment "must state with *particularity* the reasons why the moving party considers summary judgment appropriate." (Emphasis added.) *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 114 (1988); *see also* Civ.R. 7(B)(1) ("An application to the court for an order shall be by motion which . . . shall be made in writing . . . [,] shall *state with particularity* the grounds therefor, and shall set forth the relief or order sought.") (Emphasis added.) In other words, the moving party "must *specifically delineate the basis* upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." (Emphasis added.) *Mitseff* at syllabus.

{¶39} "[I]f the moving party's burden is not met in the first instance, the burden never shifts to the nonmoving party, and the motion for summary judgment must be

Case No. 2025-G-0038

denied." *Hicks v. Cadle Co.*, 2016-Ohio-4728, ¶ 20 (11th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden . . . to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate[,] shall be entered against the nonmoving party . . . ." *Welch*, 2007-Ohio-4374, at ¶ 40 (11th Dist.). *Accord Ames*, 2022-Ohio-1905, at ¶ 36-40 (11th Dist.).

{¶40} We agree with Ames that the trial court erred by awarding summary judgment to the Board, not because of his arguments pertaining to the OMA, but because the Board, as the moving party, did not satisfy its initial burden by introducing evidentiary quality materials demonstrating there were no genuine issues of material fact and it was entitled to judgment as a matter of law. As such, the Board's motion should have been denied.

### Count 1: Violations of R.C. 121.22(G)

{¶41} "'Ohio's OMA requires all of a public body's official action and deliberations on official business to occur in open meetings "unless the subject matter is specifically excepted by law."'" *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2024-Ohio-1852, ¶ 46 (11th Dist.), quoting *State ex rel. Hicks v. Clermont Cty. Bd. of Commrs.*, 2002-Ohio-4237, ¶ 13, quoting R.C. 121.22(A). "'R.C. 121.22(G) states: "[T]he members of a public body may hold an executive session [1] only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session and [2] only at a regular or special meeting [3] for the sole purpose of the consideration of" any of the listed statutory purposes.'" *Id.*, quoting *Hicks*, quoting R.C. 121.22(G).

Case No. 2025-G-0038

{¶42} "R.C. 121.22(G)(1) permits a public body to hold an executive session '[t]o consider [1] the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or [2] the investigation of charges or complaints against a public employee, official, licensee, or regulated individual, unless the public employee, official, licensee, or regulated individual requests a public hearing.'" *Id.* at ¶ 47.

{¶43} "This provision further provides that '[i]f a public body holds an executive session pursuant to division (G)(1) of this section, *the motion and vote to hold that executive session shall state which one or more of the approved purposes listed in division (G)(1) of this section are the purposes for which the executive session is to be held*, but need not include the name of any person to be considered at the meeting." (Emphasis added.) *Id.*; *see also State ex rel. Long v. Cardington Village Council*, 92 Ohio St.3d 54, 59 (2001), citing 1988 Ohio Atty. Gen. Ops. No. 88-029, 2-120 to 2-121, fn. 1 ("If a public body decides to conduct an executive session for the purpose of considering one or more of the matters listed in R.C. 121.22(G)(1) concerning personnel, the public body must specify in its motion and vote those listed matters that it will discuss in the executive session.").

{¶44} Further, "[t]he Ohio Supreme Court has held that R.C. 121.22(G)(1) is violated when a public body uses 'general terms like "personnel" and "personnel and finances" instead of one or more of the specified statutory purposes.'" *State ex rel. Ames v. Mahoning Cty. Bd. of Elections*, 2023-Ohio-4747, ¶ 78 (7th Dist.), quoting *Long* at 59.

{¶45} In *State ex rel. Ames v. Brimfield Twp. Bd. of Trustees*, 2019-Ohio-4926 (11th Dist.), this court explained that when the proper statutory purpose for entering

Case No. 2025-G-0038

executive session is not included in the record, "the public cannot determine whether it was for a proper purpose or whether any action related thereto is valid." *Id.* at ¶ 22. We agreed with the conclusion of the Fifth Appellate District in *State ex rel. Dunlap v. Violet Twp. Bd. of Trustees*, 2013-Ohio-2295 (5th Dist.), which stated, "'[w]hen an executive meeting is called, the statute *clearly requires the minutes* to specifically contain one or more of the purposes listed in R.C. 121.22(G)(1) if the meeting is called pursuant to subsection (G)(1)." (Emphasis in original.) *Ames* at ¶ 23, quoting *Dunlap* at ¶ 23, citing Ohio Attorney General Dave Yost, Ohio Sunshine Laws 2019: An Open Government Resource Manual, at 114, available at www.OhioAttorneyGeneral.gov/Sunshine.

{¶46} A review of the meeting minutes and Nelson's averments in the Board's motion for summary judgment reveals that none of the meeting minutes stated an "approved purpose listed in division (G)(1)" as required by the OMA, and the Board is not entitled to judgment on this count as a matter of law. The meeting minutes simply state an executive session was held for "R.C. 121.22(G)" or "R.C. 121.22(G)(1)." Nelson explained the statutory purpose in her affidavit, i.e., employee compensation and employee discipline. The trial court found "[t]hese averments are uncontested by Relator and as such are taken as fact by the Court. Inasmuch as the identified purposes for the executive sessions held at Respondents meetings . . . were for purposes identified and 'approved' by statute, judgment will be granted in favor of Respondent on Count 1 of Relator's complaint."

{¶47} It appears that the trial court rested its judgment on Ames' failure to file a response in opposition to the Board's motion for summary judgment without addressing the merits of the Board's argument and any applicable law. Before considering Ames'

reciprocal burden as the nonmoving party on summary judgment, the trial court was required to consider whether the Board met its initial burden. In other words, "when *neither* the movant nor the non-movant provides evidentiary materials demonstrating that there are no material facts in dispute," the movant is not entitled to judgment as a matter of law. (Emphasis in original.) *Dresher*, 75 Ohio St.3d at 296. The Board failed its initial burden to introduce evidentiary quality material demonstrating it was entitled to judgment as a matter of law on Count 1 of Ames' complaint.

### Count 2: Violations of R.C. 121.22(C)

{¶48} Similarly, the trial court erred in finding the Board carried its initial burden as the moving party on summary judgment to demonstrate there were no genuine issues of material fact and it was entitled to judgment as a matter of law as to Count 2 of Ames' complaint.

{¶49} "R.C. 121.22(C) requires a public body to prepare, file, and maintain minutes of its meetings. *Long*, 92 Ohio St.3d at 56. The Supreme Court of Ohio has held that 'full and accurate minutes must contain *sufficient facts and information* to permit the public to understand and appreciate the *rationale* behind the relevant public body's decision.' (Emphasis added.) *State ex rel. White v. Clinton Cty. Bd. of Commrs.*, 76 Ohio St.3d 416, 424 (1996). 'The minutes need only reflect the general subject matter of discussions in executive sessions authorized under division (G) or (J) of [R.C. 121.22].' R.C. 121.22(C)." *Ames*, 2024-Ohio-1852, at ¶ 70 (11th Dist.).

{¶50} In its motion for summary judgment, the Board illogically argued that based on its argument in Count 1, the executive sessions at the four meetings were held for proper R.C. 121.22(G)(1) statutory purposes, and therefore, the minutes "accurately

reflect the actions taken and what transpired during each meeting." The trial court found that "Nelson has established the reason for each executive session and the action taken as a result. No other minutes are required by law and judgment will be rendered in favor of Respondent on Count 2." Nelson's averments, however, are not the meeting minutes, and the Board submitted no evidentiary quality materials demonstrating the meeting minutes were "full and accurate descriptions," including the general subject matter of what was discussed in an executive session as set forth in R.C. 121.22(G)(1). Thus, the Board did not carry its summary judgment burden as to Count 2 of Ames' complaint.

**Counts 3 and 4: Violations of R.C. 121.22(F)**

{¶51} Likewise, the trial court erred in finding the Board carried its burden on summary judgment to demonstrate there were no genuine issues of material fact that the Board has a notice rule for regular and special meetings in compliance with R.C. 121.22(F).

{¶52} "R.C. 121.22(F) requires all public bodies to establish a rule which sets forth a reasonable method for the general public to determine the time and place of all regularly scheduled meetings as well as the time, place, and purpose of all special meetings. The rule also must contain a procedure by which interested parties can obtain advance notification. The failure to have such a rule is a violation of R.C. 121.22(F)." *State ex rel. Patrick Bros., A Gen. Partnership v. Putnam Cty. Bd. of Commrs.*, 2014-Ohio-2717, ¶ 24 (3rd Dist.). "The statute requires that the public body have a rule that provides for notice that is consistent and actually reaches the public." *Id.* "Although the violation of the statute may be remedied, the remedy does not negate the prior violation and the statute mandates that an injunction be issued if a violation was found to have existed." *Id.* "A

trial court is bound by the remedy provisions of R.C. 121.22(I) even for a 'technical violation' of the statute and even if the violation was subsequently cured." *Id.*, citing *Vermilion Teachers' Assn. v. Vermilion Local School Dist. Bd. of Edn.*, 98 Ohio App.3d 524 (6th Dist.1994).

{¶53} In her affidavit, Nelson explained the Board's policy for advertising notice of the time and place of meetings. In addition, she averred minutes of meetings can be downloaded from the website, audio recordings can be obtained from the fiscal officer, and email notifications for special meetings can be requested. Nelson's averments pertaining to the Board's practice for providing notice is not evidence the Board has a rule. Nelson did not aver in the affirmative or the negative whether the Board enacted a rule promulgating this policy. A board "violates R.C. 121.22(F) by failing to adopt a rule." *Ames*, 2022-Ohio-1905, at ¶ 50 (11th Dist.). *See e.g., Doran v. Northmont Bd. of Edn.*, 2002-Ohio-386, ¶ 12-13 (2d Dist.) (determining the Board's practice without an enacted rule establishing the practice was a violation of R.C. 121.22(F)). Thus, there are genuine issues of material fact remaining whether the Board has a notice rule in accordance with R.C. 121.22(F), since the only evidence the Board submitted was of its procedure for providing notice, and it was not entitled to judgment as a matter of law on Counts 3 and 4 of Ames' complaint.

{¶54} In sum, Ames' second assignment of error has merit. The Board was not entitled to judgment as a matter of law merely because Ames failed to respond on summary judgment. Ames' reciprocal duty as the nonmoving party was never triggered. "[I]f the moving party's burden is not met in the first instance, the burden never shifts to

the nonmoving party, and *the motion for summary judgment must be denied*." (Emphasis added.) *Hicks*, 2016-Ohio-4728, at ¶ 20 (11th Dist.), citing *Dresher*, 75 Ohio St.3d at 293.

{¶55} Accordingly, we affirm the trial court's denial of Ames' motion for judgment on the pleadings, reverse the trial court's award of summary judgment in favor of the Board, and remand the matter for further proceedings in accordance with this opinion.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed in part and reversed in part. This case is remanded for further proceedings consistent with the opinion.

Costs to be taxed against the parties equally.

_____
PRESIDING JUDGE MATT LYNCH

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate
pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-G-0038