FUGATE, Appellant,

v.

VOLCK, Appellee.

[Cite as *Fugate v. Volck* (1992), 79 Ohio App.3d 263.]

Court of Appeals of Ohio,
Montgomery County.

No. 12831.

Decided April 16, 1992.

*Jeffrey Taylor,* for appellant.

*Robert J. Janes,* for appellee.

FAIN, Presiding Judge.

Plaintiff-appellant Marie Fugate appeals from a summary judgment rendered in favor of defendant-appellee Thomas C. Volck, D.D.S. The trial court held that Volck was entitled to summary judgment because the statute of limitations had expired prior to the filing of the complaint in this case on August 18, 1989. Fugate argues that the "cognizable event" that triggered the limitations period did not occur until September 1, 1988, when she discussed her condition with a different dentist, who told her that the problems she was experiencing were the result of Volck's having severed a nerve during his extraction of one of Fugate's wisdom teeth, and that the severed nerve was not within the operative field of the extraction.

We conclude that there is a genuine issue of material fact as to whether Fugate should have known, or, with reasonable diligence, should have discovered, that she had been the victim of dental malpractice, prior to September 1, 1988. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

Volck performed the extraction on April 25, 1988. Fugate had made the appointment complaining of gum irritation. Volck briefly examined her, took X-rays and said that he needed to remove the wisdom tooth in the lower right jaw. He proceeded with the extraction, without notifying Fugate of any risks associated with the extraction and without obtaining her informed consent.

The extraction procedure took about twenty minutes. During the procedure, her right lingual nerve was severed or damaged. The lingual nerve is located outside the normal operative field for extraction of that particular tooth. Fugate was in pain for about three weeks following the extraction, and was also unable to taste or feel anything on the right side of her mouth.

On May 2, 1988, she returned to the office, and Volck's assistant removed the sutures. At that time Fugate informed the assistant that she could not taste anything; the assistant informed her that frequently the nerve was "bumped," but that the nerve regenerated itself and Fugate should give it a couple of weeks. About two weeks later Fugate called Volck, but he was unable to speak with her. She was told to give it more time. Fugate eventually decided to make an appointment to see Volck. She indicated that she was not upset and did not assume that she had been injured, but she wanted some reassurance. She was unable to make an appointment to see Volck because she was having financial difficulties and the dentist told her he could not see her unless she paid him in full.

On September 1, 1988, Fugate saw another dentist, James Zullinger. He told her that the problem was caused by Volck's having severed the lingual nerve and that the lingual nerve was not in the operative field for the wisdom tooth extraction. Prior to that time, Fugate had thought that her problems were probably a normal result of the extraction of her wisdom tooth.

Fugate filed her complaint on August 18, 1989. Trial was scheduled for May 6, 1991, but the court entered summary judgment for Volck on April 24, 1991. The trial court held that the action was barred by the statute of limitations because the "cognizable event" occurred in June 1988, when "a reasonable patient in Plaintiff's situation should have been alerted that an improper medical procedure had taken place on April 25, 1988."

Fugate appeals from the summary judgment rendered against her.

II

Fugate's first assignment of error is as follows:

"The court of common pleas erred by granting summary judgment and by finding that no genuine issue of fact was present because the date of the occurrence of the 'cognizable event' is a question of fact appropriate for the jury."

■ A motion for summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment should not be granted unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. In reviewing a motion for summary judgment, the inferences to be drawn from the underlying facts are viewed in a light most favorable to the opposing party. *Fryberger v. Lake Cable Recreation Assn.* (1988), 40 Ohio St.3d 349, 350, 533 N.E.2d 738, 739. Summary judgment is a potentially useful, but extraordinary, procedure wherein the trial of issues of fact made up by the pleadings is avoided. Because summary judgment represents a shortcut through the normal litigation process by avoiding a trial, the burden is strictly upon the moving party to establish, through the evidentiary material permitted by the rule, that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Civ.R. 56(C); *AAAA Enterprises v. River Place* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 600.

■ The statute of limitations for a dental malpractice claim is triggered when there is a "cognizable event" that should lead the patient to believe that her condition is related to a dental procedure, treatment or diagnosis previously rendered to the patient and the cognizable event does or should place the patient on notice of the need to pursue his possible remedies. A cognizable event has been defined as "some noteworthy event * * * which does or should alert a reasonable person-patient that an *improper* medical procedure, treatment or diagnosis has taken place." (Emphasis added.) *Allenius v. Thomas* (1989), 42 Ohio St.3d 131, 134, 538 N.E.2d 93, 96.

In the case before us, the trial court held as follows:

"The Court concludes that Plaintiff's action has not been timely filed. Plaintiff filed her complaint in this action on August 18, 1989. The 'cognizable event' in this case occurred in June of 1988 when Plaintiff had an appointment to see the Defendant. It was at this time that a reasonable patient in Plaintiff's situation should have been alerted that an improper medical procedure had taken place on April 25, 1988. Furthermore, it was at

this time that Plaintiff was put on notice of her need to pursue any possible legal remedies."

Construing the evidence most strongly in Fugate's favor, we cannot conclude that reasonable minds could reach only a conclusion in favor of Volck on the issue of whether Fugate should have been aware that she had been the victim of an *improper* dental treatment prior to September 1, 1988, or that she should have been on notice of a need to pursue any remedies. If she was not the victim of an improper procedure, treatment, or diagnosis, she would have no remedies to pursue. Fugate did not actually meet with Volck in June 1988, when she attempted a follow-up visit. Fugate testified in her deposition that she was aware that it was not uncommon for many people to experience problems similar to the problem she was experiencing following the extraction of a wisdom tooth. This was consistent with what she was told by Volck's office, and was not so incredible that no reasonable jury could conclude that Fugate reasonably believed it to be so. Knowing that a problem may follow from a procedure is not equivalent to knowing that the problem is the result of an improper procedure, or malpractice.

We conclude that there is a genuine issue of material fact for the jury to determine, and therefore summary judgment was improperly rendered. Fugate's sole assignment of error is sustained.

### III

Fugate's assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for trial.

*Judgment reversed*
*and cause remanded.*

WOLFF and BROGAN, JJ., concur.