DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Carl Ralston Insurance Agency, Inc., nka Ralston's Affordable Insurance; and Carl and Laura Ralston, appeal the decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees, Kenneth A. Boldt Insurance Agency, Inc., dba Ken Boldt Insurance; Kenneth Boldt; Jeffrey Heimbaugh; Edward Mong; and Tara Securro, fka Tara Murray. This Court reverses.
 I. {¶ 2} Carl Ralston Insurance Agency was a captive Nationwide agency owned by Carl and Laura Ralston. On April 1, 2000, the Ralstons terminated the agency's status as a captive Nationwide agency and opened an independent agency, contracting with various insurance companies. At that point, Nationwide transferred all of its files to Ken Boldt Insurance, which is a captive Nationwide agency. From that point on, the two agencies began competing for the customers once serviced by Nationwide through Carl Ralston Insurance Agency.
 {¶ 3} On April 20, 2001, appellants filed a complaint against appellees for defamation, libel, slander, negligence, negligent misrepresentation, tortious interference with business relationships, deceptive trade practices, and punitive damages. That case was voluntarily dismissed on or about August 7, 2003. A complaint alleging the same causes of action against the same defendants and adding a cause of action for spoliation of evidence was filed on November 6, 2003. Appellees filed a motion for summary judgment and appellants filed a memorandum in opposition. The trial court denied appellees' motion for summary judgment.
 {¶ 4} After the original trial judge retired and his successor took over the docket, appellees filed a motion for reconsideration of the denial of their motion for summary judgment. Appellants filed a memorandum opposing appellees' motion for reconsideration. On November 11, 2005, the trial court granted appellees' motion for reconsideration in part. The court awarded summary judgment in favor of appellees as to the claims of defamation, libel, slander, negligent misrepresentation, tortious interference with business relationships, deceptive trade practices, negligence, and punitive damages, based on the existence of a qualified privilege. The trial court denied appellees' motion for summary judgment with regard to the spoliation claim. On November 18, 2005, the trial court dismissed the spoliation claim. Appellants timely appealed the granting of summary judgment in favor of appellees, setting forth five assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT'S USE OF AN `ACTUAL MALICE' BURDEN WAS IMPROPER BECAUSE THE TRIAL COURT ERRONEOUSLY DETERMINED THAT THERE WAS A QUALIFIED PRIVILEGE DESPITE CLEAR FACTUAL ISSUES ABOUT WHETHER SUCH PRIVILEGE EXISTED."
 SECOND ASSIGNMENT OF ERROR
"EVEN IF A COURT FINDS THAT A QUALIFIED PRIVILEGE DOES EXIST, THERE EXISTS SUFFICIENT EVIDENCE TO FIND GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER OR NOT THE APPELLEES ACTED WITH ACTUAL MALICE."
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT DID NOT EXAMINE ALL OF THE EVIDENCE IN THE RECORD WHEN DECIDING WHETHER GENUINE ISSUES OF MATERIAL FACT EXIST."
 FOURTH ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DISMISSING ALL OF PLAINTIFF[']S/APPELLANTS' COUNTS BECAUSE THE ONLY ISSUE BEFORE THE COURT ON SUMMARY JUDGMENT WAS WHETHER ACTUAL MALICE EXISTED."
 {¶ 5} In their first four assignments of error, appellants contend that the trial court erred in granting appellees' motion for reconsideration and awarding summary judgment in favor of appellees after finding that a qualified privilege existed between appellees and the Nationwide customers formerly served by appellants. This Court agrees.
 {¶ 6} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 9} In an action for defamation, a plaintiff must establish the existence of a false publication by the defendant to another that causes the plaintiff injury to his reputation, exposes him to public hatred, contempt, ridicule, shame or disgrace, or affects him adversely in his trade or business. Ashcroft v. Mt.Sinai Med. Ctr. (1990), 68 Ohio App.3d 359, 365. Once a prima facie case for defamation is established, a defendant may avoid liability by establishing the defense of a qualified privilege.Mosley v. Evans (1993), 90 Ohio App.3d 633, 636; Hahn v.Kotten (1975), 43 Ohio St.2d 237, 243.
 {¶ 10} In the present matter, it is undisputed that appellants established a prima facie case for defamation. Appellees moved for summary judgment on the basis that they were entitled to the defense of qualified privilege. Appellants filed a memorandum in opposition, in which they argued that appellees had failed to produce any evidence to support their motion for summary judgment. Therefore, this Court will limit its discussion to the issue of whether appellees met their burden of showing that they were entitled to the defense of qualified privilege.
 {¶ 11} The essential elements of a communication protected by qualified privilege are: "good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication made in a proper manner and to proper parties only." Jacobs v. Frank (1991), 60 Ohio St.3d 111, 114, quoting Hahn, 43 Ohio St.2d at 245-246. See, also A B-AbellElevator Co. v. Columbus/Cent. Ohio Bldg. Constr. TradesCouncil (1995), 73 Ohio St.3d 1, 8 and 10-11. If a defendant establishes all five elements for the application of a qualified privilege, a plaintiff can defeat its application only by showing by clear and convincing evidence that the defendant acted with actual malice. Jacobs, 60 Ohio St.3d at syllabus.
 {¶ 12} To support their motion for summary judgment, appellees attached a copy of Hahn v. Kotten (1975),43 Ohio St.2d 237, to their summary judgment motion. Civ.R. 56 (C) requires a certain type of evidence be produced by a party in a motion for or against summary judgment. That evidence may be by depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact. Appellees failed to attach any type of evidence listed in Civ.R. 56(C) to support their motion for summary judgment. While appellees did attach the deposition of Kenneth A. Boldt to their reply, this could not satisfy their burden under Dresher. As the moving party, appellees were required to point to evidentiary materials pursuant to Civ.R. 56(C) in their initial motion, not in a reply, otherwise the nonmoving party's opportunity to respond and demonstrate a genuine issue of material fact would be lost.
 {¶ 13} In addition, this Court finds that the trial court's grant of appellees' motion for reconsideration did not cure the defect in the original motion for summary judgment. When appellees filed their motion for reconsideration, they merely attached their original motion for summary judgment, appellants' memorandum in opposition, and their reply to appellants' memorandum in opposition. Therefore, upon reconsideration, the trial court had before it appellees' motion for summary judgment with no evidentiary material to support it.
 {¶ 14} After reviewing the record, this Court finds that appellees failed to show that the communications made by appellees to the policyholders formerly serviced by appellants were qualifiedly privileged. Consequently, the trial court's award of summary judgment in favor of appellees was improper. Appellants' first four assignments of error are sustained.
 FIFTH ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY NOT CONSIDERING ANY OF THE EVIDENCE FROM CASE NO. CV 2001-04-1833, BECAUSE THE CASE ON APPEAL IS A REFILE OF THE 2001 CASE, AND BECAUSE APPELLANTS AND APPELLEES BOTH REFER TO EVIDENCE AND PROCEDURE FROM THE 2001 CASE."
 {¶ 15} In appellants' fifth assignment of error, they contend that the trial court erred by not considering any of the evidence from case number CV 2001-04-1833. Specifically, appellants argue that attaching a copy of the 2001 case docket sheet and referencing the 2001 action in their response to appellees' motion for summary judgment placed the filings in the 2001 case before the court for its consideration in the 2003 case. Appellants' argument lacks merit.
 {¶ 16} As stated previously, Civ.R. 56 (C) requires a certain type of evidence be produced by a party in a motion for or against summary judgment. That evidence may be by depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact. Although Civ.R. 56(C) allows for pleadings to be used in support of summary judgment, the reference in the rule is to "pleadings * * * timely filed in the action." In other words, only the complaint, answer, counterclaims, etc., submitted as pleadings in the present case are automatically part of the evidence that can be used in support of summary judgment. InState ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107, the Supreme Court of Ohio held:
"Civ.R. 56(C) enumerates `pleading[s], depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact.' The complaints and judgment entries [of other cases], submitted without affidavit, are none of these." Id. at 109.
 {¶ 17} The correct procedure for introducing evidentiary materials not specifically authorized by Civ.R. 56(C) is to incorporate them by reference in a properly framed affidavit pursuant to Civ.R. 56(E). See State ex rel. Corrigan v.Seminatore (1981), 66 Ohio St.2d 459, 467. Hence, based onState ex rel. Freeman, appellants' needed to file a proper affidavit that referred to the pleadings in the 2001 case, as well as to attach sworn or certified copies of the pleadings to the affidavit, in conformity with Civ.R. 56(E). Attaching a copy of the 2001 case docket sheet to appellants' reply to appellees' motion for summary judgment and/or referencing the 2001 case in the pleadings filed in the present matter was not sufficient to place the pleadings of the prior case before the trial court. There being no indication that any portion of the 2001 case was introduced as an exhibit below, or incorporated by reference into an affidavit or by court order, the 2001 case file was not properly before the trial court under Civ.R. 56(C). Thus, the trial court did not err in not considering pleadings which were only filed in the 2001 case. Appellants' fifth assignment of error is overruled.
 III. {¶ 18} Appellants' first four assignments of error are sustained. Appellants' fifth assignment of error is overruled. The decision of the trial court granting summary judgment in favor of appellees is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Slaby, P.J. Whitmore, J. concur.