[Cite as *Ramsey v. Dash Tree Servs., Inc.*, 2020-Ohio-2668.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL RAMSEY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-L-081** |
| DASH TREE SERVICES, INC., et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2018 CV 001365.

Judgment: Affirmed in part; reversed in part and remanded.

*Ryan M. Harrell*, Green Haines Sgambati Co., LPA, 100 Federal Plaza East, Suite 800, P.O. Box 849, Youngstown, Ohio 44501 (For Plaintiff-Appellant).

*Gary L. Nicholson, Clark D. Rice,* and *Richard C.O. Rezie,* Gallagher Sharp, LLP, Sixth Floor, Bulkley Building, 1501 Euclid Avenue, Cleveland, Ohio 44115 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Michael Ramsey, appeals the judgment granting summary judgment in favor of Appellees, Dash Tree Services, Inc. and David Pitz. We affirm in part, reverse in part, and remand.

{¶2} Ramsey was employed as a laborer and driver by Dash Tree Services, Inc. (Dash), which is owned and operated by David Pitz. In September of 2017 while at a jobsite, Pitz was operating a stump grinder via remote control when it ran over Ramsey's

foot and leg causing personal injuries. Months earlier, Pitz had disabled the stump grinder's audible warning beeper that sounded when the machine was in motion.

{¶3} Ramsey filed suit and his first amended complaint names Dash and Pitz as defendants and alleges they committed employer intentional tort in violation of R.C. 2745.01. Ramsey also asserts common law tort claims against Dash and Pitz. After the parties completed discovery, Dash and Pitz moved for summary judgment, which the trial court granted on all claims.

{¶4} Ramsey raises three assigned errors:

{¶5} "The trial court committed prejudicial error by not denying summary judgment on appellant's claims against appellee and movant David Pitz after he failed his initial burden as required by Ohio Civ.R. 56 and other relevant, binding case law. (T.d. 48).

{¶6} "The trial court committed prejudicial error by considering and relying upon arguments and evidence contained only in a proposed pleading which was never filed and not made a part of the record. (T.d. 48).

{¶7} "The trial court committed prejudicial error by finding there were no genuine issues of material fact regarding appellant Ramsey's common law claims against appellee Pitz and consequently granting summary judgment in Pitz's favor. (T.d. 48)."

{¶8} Ramsey does not take issue with the trial court's decision awarding Dash summary judgment and does not contest its summary judgment decision in favor of Pitz on his statutory claim. Instead, each assigned error challenges that summary judgment was improper on Ramsey's common law intentional tort claim against Pitz in his personal capacity as a co-employee under *Head v. Reilly Painting & Contracting, Inc.,* 8th Dist.

2

Cuyahoga No. 101718, 2015-Ohio-688, 28 N.E.3d 126, ¶ 15-18 (analyzing a claim of co-employee intentional tort under *Fyffe v. Jeno's, Inc.,* 59 Ohio St.3d 115, 570 N.E.2d 1108 (1991), without addressing whether R.C. 2745.01 supersedes all common law intentional tort claims against fellow employees because the issue was not raised on appeal).

{¶9} Ramsey's first assignment raises a procedural deficiency and argues summary judgment in Pitz's favor on Ramsey's common law claim was impermissible because Pitz did not initially move for summary judgment on this basis. We agree.

{¶10} "The application of a civil rule is a question of law, which we review de novo." *Haskett v. Haskett*, 11th Dist. Lake No. 2011-L-155, 2013-Ohio-145, ¶ 17, citing *Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 10AP-941, 2011-Ohio-3314, ¶ 11.

{¶11} Civ.R. 56 governs summary judgment and states in part:

{¶12} "(B) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court."

{¶13} "(C) Motion and Proceedings. * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be

3

rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *

{¶14} "* * *

{¶15} "(E) Form of Affidavits; Further Testimony; Defense Required. * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶16} The standards for granting summary judgment were fleshed out by the Ohio Supreme Court in *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996):

{¶17} "[T]he moving party bears the initial responsibility of informing the trial court of the basis [or grounds] for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. * * * That is, the moving party bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment." (Emphasis sic.)

4

{¶18} And "[i]f the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) * * *." *Id.* at 293.

{¶19} As a procedural tool designed to shortcut litigation, summary judgment places the burden strictly upon the moving party to argue and establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fugate v. Volck*, 79 Ohio App.3d 263, 266, 607 N.E.2d 78 (2nd Dist.1992), citing *AAAA Enterprises v. River Place*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "While the party responding to the motion may have a formidable burden of proof to overcome at trial, he does not have that burden in responding to the motion for summary judgment * * *." *Id.*

{¶20} Here, appellees' motion for summary judgment did not seek summary judgment on Ramsey's common law claim against Pitz. Instead, the motion seeks summary judgment on the statutory employer intentional tort claims against both appellees and focuses on whether the removal of the grinder's audible warning constituted an equipment safety guard. Appellees' motion also contends that summary judgment is proper in Pitz's favor on a piercing the corporate veil theory of recovery. However, the summary judgment motion does not mention or reference Ramsey's common law cause of action against Pitz based on *Head v. Reilly Painting & Contracting, Inc.*, *supra*.

{¶21} In his brief in opposition to summary judgment, Ramsey points out this deficiency and asserts that summary judgment cannot be granted on his common law

claim against Pitz in his personal capacity because Pitz failed to carry his initial burden. And because Pitz did not move on this basis, the burden did not shift to Ramsey placing the onus on him to produce facts and law in his favor, and summary judgment on this claim must be denied.

{¶22} Notwithstanding Pitz's failure in this regard, Ramsey agues in the alternative in his opposition brief and explains why his common law claim against Pitz, in his personal capacity, should survive a summary judgment challenge, assuming one had been raised. Ramsey's secondary argument triggered Pitz to address the issue for the first time in his reply brief, yet Pitz did not seek leave to amend or supplement his motion for summary judgment. The issue is only addressed in the reply.

{¶23} Upon ruling on the summary judgment motion, the trial court does not acknowledge Ramsey's primary challenge opposing summary judgment on his common law claim against Pitz, i.e., Pitz's failure to move on this ground. As stated, the court grants summary judgment in appellees' favor on all claims, including the common law claim against Pitz, finding that Ramsey failed to produce sufficient evidence on his common claim based on *Head v. Reilly Painting & Contracting, Inc.*, supra, assuming it is a viable cause of action.

{¶24} As Ramsey argues, the party seeking summary judgment bears the initial burden of informing the trial court of the factual and legal basis for the motion and directing the court to record evidence that demonstrates the absence of a genuine issue of material fact. Civ.R. 56(A); *Dresher* at 293, 662 N.E.2d 264. But when, as here, the moving party fails to discharge his initial burden, the burden does not shift to the nonmoving party under Civ.R. 56(E), and summary judgment must be denied. *Id.*; *Hicks*

6

*v. Cadle Co.*, 11th Dist. Trumbull No. 2014-T-0103, 2016-Ohio-4728, 66 N.E.3d 1255, ¶ 20; *Palmer v. Bowers*, 9th Dist. Lorain No. 17CA011137, 2019-Ohio-1274, ¶ 27 (rejecting arguments and evidence raised for the first time in movant's reply brief as "circumvent[ing] the substance of Civ.R. 56 and the *Dresher* burden shifting"); *Carl Ralston Ins. Agency, Inc. v. Kenneth A. Boldt Ins. Agency, Inc.*, 9th Dist. Summit No. 23016, 2006-Ohio-3916, ¶ 12 (finding deposition attached to reply brief insufficient to satisfy the movant's burden under *Dresher*).

{¶25} And because Ramsey's primary argument has merit, the court should have denied summary judgment on that basis. Thus, it erred in addressing Ramsey's alternative argument and addressing Ramsey's common law claim on the merits.

{¶26} Accordingly, Ramsey's first assigned error has merit. The award of summary judgment on Ramsey's common law claim against Pitz was improper and an error of law. Thus, that aspect of the trial court's decision is reversed, and the case is remanded. Because Ramsey does not challenge the summary judgment award against him on his other claims for relief, we affirm that part of the court's decision.

{¶27} Ramsey's remaining two assigned error are moot since each likewise only addresses the propriety of summary judgment on Ramsey's common law claim against Pitz. *State v. Raybould*, 11th Dist. Portage No. 2018-P-0085, 2019-Ohio-3057, ¶ 35.

{¶28} The trial court's decision is affirmed in part, reversed in part, and remanded for further proceedings.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

7