[Cite as *Ames v. Portage Cty. Budget Comm.*, 2022-Ohio-1905.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| BRIAN M. AMES, | **CASE NO. 2021-P-0074** |
| Plaintiff-Appellant, | |
| - v - | Civil Appeal from the Court of Common Pleas |
| PORTAGE COUNTY BUDGET COMMISSION, | Trial Court No. 2020 CV 00014 |
| Defendant-Appellee. | |

**O P I N I O N**

Decided: June 6, 2022
Judgment: Affirmed

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Plaintiff-Appellant).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1}     Appellant, Brian M. Ames ("Mr. Ames"), appeals from the judgment entry of the Portage County Court of Common Pleas granting summary judgment in his favor against appellee, the Portage County Budget Commission ("the commission"), and awarding him one injunction and one civil forfeiture pursuant to R.C. 121.22, i.e., the Open Meetings Act ("the OMA").

{¶2}     Mr. Ames asserts five assignments of error.  In his first, second, and third assignments of error, Mr. Ames contends that the trial court erred in finding, respectively, that "all commission meetings were open to the public"; that "the local Record Courier

newspaper was notified of the meetings"; and that the commission's OMA violations were "identical, technical in nature, and without improper motive."

{¶3} In his fourth assignment of error, Mr. Ames contends the trial court erred by determining that he was not entitled to 30 additional injunctions relating to each "special" meeting the commission held without providing "public notice."

{¶4} In his fifth assignment of error, Mr. Ames contends that the injunction the trial court issued does not comply with R.C. 121.22(I)(1).

{¶5} After a careful review of the record and pertinent law, we find as follows:

{¶6} (1) The trial court did not err in ruling that Mr. Ames was not entitled to 30 additional injunctions. Mr. Ames failed to state with particularity the legal basis for his request and instead asserted a novel and unsupported legal theory. Thus, Mr. Ames did not satisfy his initial burden on summary to establish, as a matter of law, that he was entitled to 30 additional injunctions.

{¶7} (2) To the extent the trial court's judgment entry reflects incorrect reasoning or analysis, such errors are harmless.

{¶8} (3) Any error based on the trial court's "moot" injunction was either invited or harmless. In addition, the terms of the trial court's injunction do not violate R.C. 121.22(I)(1).

{¶9} Thus, we affirm the judgment of the Portage County Court of Common Pleas.

### Substantive Facts and Procedural History

{¶10} The commission is a county budget commission established pursuant to R.C. 5705.27 that consists of the county auditor, treasurer, and prosecuting attorney.

2

{¶11} From January 2018 through December 2019, the commission conducted business at 31 meetings. It is undisputed that the commission held these meetings without having adopted a rule pursuant to R.C. 121.22(F), which provides, in relevant, part, that "[e]very public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings."

{¶12} Prior to holding 21 of the 31 meetings, the commission copied a reporter from the Record Courier newspaper on email correspondence that referenced the meetings' dates and times. The commission also prepared, filed, and maintained for public inspection minutes for each of the meetings.

{¶13} The commission adopted a rule in accordance with R.C. 121.22(F) at some point in January 2020. Among other things, the rule provides that notice of its regularly scheduled and special meetings will be posted on bulletin boards on the first and fifth floors of the county administration building and online at a specified website.

{¶14} On January 8, 2020, Mr. Ames, pro se, filed a civil complaint against the commission in the Portage County Court of Common Pleas alleging multiple violations of the OMA. In count one, Mr. Ames alleged that the commission violated R.C. 121.22(F) because, as of January 7, 2020, it had not adopted a rule. In count two, Mr. Ames alleged that the commission violated "R.C. 121.22" by holding non-regularly scheduled meetings "[o]n numerous dates during the years 2018 and 2019" without giving "public notice of the time, place, and purpose of any of the meetings."

{¶15} Mr. Ames requested, for each alleged violation, a finding that the commission violated the provisions of the OMA and an injunction mandating that the

3

commission comply with the provisions of the OMA. He further requested a $500 civil forfeiture for each injunction issued; an order to "enjoin" the commission to establish the rule required by R.C. 121.22(F); court costs; and reasonable attorney's fees.

{¶16} Mr. Ames attached a request for production of documents to his complaint, including a request for copies of the commission's minutes for its 2018-2019 meetings.

{¶17} The commission filed an answer and a motion to dismiss pursuant to Civ.R. 12(B)(6). In its motion, the commission argued that Mr. Ames' complaint was moot because the commission had since adopted a rule in accordance with R.C. 121.22(F). It further argued that count two failed to state a cognizable claim because Mr. Ames did not provide specific dates for the alleged 2018-2019 meetings.

{¶18} The commission provided documents in response to Mr. Ames discovery requests, including the minutes for its 2018-2019 meetings. Three days later, Mr. Ames filed an amended complaint in which he expanded count two into 30 separate counts that specified the dates and times of 30 meetings the commission held during 2018-2019 prior to its adoption of a rule.[1]

{¶19} The commission filed a motion to dismiss pursuant to Civ.R. 12(B)(6) based on mootness. The commission also appeared to argue that it was not subject to the OMA.

{¶20} Mr. Ames filed a brief in opposition to the commission's motion. He also filed a document notifying the trial court that he would neither make nor accept any settlement offer.

---

1. Mr. Ames excluded the commission's meeting on January 9, 2018, presumably based on the two-year statute of limitations set forth in R.C. 121.22(I)(1).

4

{¶21} The trial court filed a judgment entry overruling the commission's motion to dismiss. The trial court found that the commission is a "public body" that is subject to the OMA. The trial court did not expressly address the commission's mootness argument.

{¶22} The commission subsequently filed an answer to Mr. Ames' amended complaint. Following additional discovery, Mr. Ames filed a motion for summary judgment on the 31 counts in his complaint, which the commission opposed.

{¶23} The trial court subsequently filed a judgment entry granting summary judgment to Mr. Ames. The trial court found that the commission operated as a "public body" in 2018 and 2019 and that the commission "conducted meetings in violation of the OMA because it failed to establish a rule pursuant to [R.C. 121.22(F)] 'whereby any person may determine the time and place of all regularly scheduled meetings' and otherwise failed to give adequate notice to the public of those meetings."

{¶24} The trial court further found that "all commission meetings were open to the public"; "the local Record Courier newspaper was notified of the meetings"; the commission prepared minutes that were filed for public inspection; and the commission adopted a rule in 2020 providing for proper notice of its meetings. The trial court noted that Mr. Ames sought a civil forfeiture for each meeting held without notice. The trial court found that commission's violations were "identical, technical in nature, and without improper motive."

{¶25} The trial court determined that Mr. Ames was entitled to one injunction for the commission's failure to establish a rule pursuant to R.C. 121.22(F); he was not entitled to an injunction for each meeting held; and he was entitled to one civil forfeiture in the amount of $500.

5

{¶26} Finally, the trial court issued the following injunction:

{¶27} "[T]he Defendant is further enjoined to the extent that the Defendant shall establish a rule for notification and establish a reasonable method for persons to determine the time and place of its meetings."

{¶28} Mr. Ames appealed and presents the following five assignments of error:

{¶29} "[1.] The trial court erred by finding that 'all commission meetings were open to the public.'

{¶30} "[2.] The trial court erred by finding that 'the local Record Courier newspaper was notified of the meetings.'

{¶31} "[3.] The trial court committed reversible error by finding that 'the Portage County Budget Commission violations were identical, technical in nature, and without improper motive.'

{¶32} "[4.] The trial court erred by ordering that 'the Plaintiff is not entitled to an injunction for each meeting held.'

{¶33} "[5.] The trial court erred by failing to issue injunctions pursuant to the statutory mandate of R.C. 121.22(I)(1)."

{¶34} For ease of discussion, we review Mr. Ames' assignments of error out of order and, at times, collectively.

## Public Notice

{¶35} In his fourth assignment of error, Mr. Ames contends that he was entitled to 30 additional injunctions relating to each "special" meeting that the commission held without providing "public notice."

6

## *Standard of Review*

**{¶36}** We review a trial court's summary judgment order de novo. *Sabo v. Zimmerman*, 11th Dist. Ashtabula No. 2012-A-0005, 2012-Ohio-4763, ¶ 9. A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law. *Id*.

**{¶37}** "Since summary judgment denies the party his or her 'day in court,' it is not to be viewed lightly as docket control or as a 'little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party." *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶ 40.

**{¶38}** "Because summary judgment represents a shortcut through the normal litigation process by avoiding a trial, the burden is strictly upon the moving party to establish, through the evidentiary material permitted by the rule, that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law." *Fugate v. Volck*, 79 Ohio App.3d 263, 266, 607 N.E.2d 78 (2d Dist.1992).

**{¶39}** The moving party's motion for summary judgment "must state with *particularity* the reasons why the moving party considers summary judgment appropriate." (Emphasis added.) *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 114, 526 N.E.2d 798 (1988); *see also* Civ.R. 7(B)(1) ("[A]n application to the court for an order shall be by motion which * * * shall be made in writing * * *[,] shall *state with particularity* the grounds therefor, and shall set forth the relief or order sought." (Emphasis added.) In other words, the moving party "must *specifically delineate the basis* upon which summary judgment is sought in

7

order to allow the opposing party a meaningful opportunity to respond." (Emphasis added.) *Mitseff* at syllabus.

{¶40} "[I]f the moving party's burden is not met in the first instance, the burden never shifts to the nonmoving party, and the motion for summary judgment must be denied." *Hicks v. Cadle Co.*, 2016-Ohio-4728, 66 N.E.3d 1255, ¶ 20 (11th Dist.). "If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden * * * to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate, shall be entered against the nonmoving party * * *." *Welch* at ¶ 40.

### *The OMA*

{¶41} We begin by setting forth the relevant provisions of the OMA. The purpose of the OMA is to prevent public officials from meeting secretly to deliberate on public issues without accountability to the public. *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 544, 668 N.E.2d 903 (1996).

{¶42} The OMA states that "[a]ll meetings of any public body are declared to be public meetings open to the public at all times." R.C. 121.22(C). The OMA must be "liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law." R.C. 121.22(A). The OMA provides that "[a] resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body." R.C. 121.22(H).

{¶43} The OMA also imposes notification requirements for a public body's meetings. R.C. 121.22(F) provides, in relevant part, that "[e]very public body, by rule,

8

shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings." The OMA provides that "[a] resolution, rule, or formal action adopted in an open meeting is invalid if the public body that adopted the resolution, rule, or formal action violated [R.C. 121.22(F)]." R.C. 121.22(H).

{¶44} The OMA authorizes "[a]ny person" to "bring an action to enforce" its provisions "within two years after the date of the alleged violation or threatened violation." R.C. 121.22(I)(1). "*Upon proof of a violation or threatened violation * * *, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions.*" (Emphasis added.) *Id.* "If the court of common pleas issues an injunction pursuant to [R.C. 121.22(I)(1)], the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction * * *." R.C. 121.22(I)(2)(a).

*Analysis*

{¶45} There is no dispute that Mr. Ames was entitled to an injunction as a result of the commission's failure to adopt a rule pursuant to R.C. 121.22(F). The relevant issue is whether Mr. Ames established on summary judgment that he was entitled to 30 additional injunctions relating to each "special" meeting the commission held without providing "public notice."

{¶46} On summary judgment, Mr. Ames argued that the commission's 30 meetings during 2018 and 2019 were "special" meetings because the commission had not adopted a rule pursuant to R.C. 121.22(F). As "special" meetings, the commission was required to notify the public of their "time, place, and purpose," which it admittedly

9

failed to do.  Therefore, the commission held each meeting "in violation of R.C. 121.22," which entitled Mr. Ames to 30 injunctions and, thus, 30 civil forfeitures of $500.

{¶47} We disagree with Mr. Ames' reading of the OMA.  A meeting's characterization as "regular" or "special" is not determined based on whether a public body adopted a rule pursuant to R.C. 121.22(F).  The Ohio Attorney General has defined "regular" meetings as "those which are held at prescheduled intervals," such as "monthly or annual meetings," and "special" meetings as "all meetings other than 'regular' meetings."  1988 Ohio Atty.Gen.Ops.No. 88-029; *see Jones v. Brookfield Twp. Trustees*, 11th Dist. Trumbull No. 92-T-4692, 1995 WL 411842, *3 (June 30, 1995) (recognizing this definition).  The Supreme Court of Ohio expressed a similar view in *State ex rel. The Fairfield Leader v. Ricketts*, 56 Ohio St.3d 97, 564 N.E.2d 486 (1990), where it stated that the public body in that case "either meets in a regular session or it does not, and any session that is not regular is special."  *Id*. at 100.

{¶48}  Here, R.C. 5705.27 provides that a county budget commission "shall meet at the office of the county auditor in each county on the first Monday in February and on the first Monday in August, annually, and shall complete its work on or before the first day of September, annually, unless for good cause the tax commissioner extends the time for completing the work."  The record reflects the commission met at the county auditor's office on these dates during 2018 and 2019.  Thus, the evidence suggests that at least four of the commission's meetings were "regular" rather than "special" meetings.  *See* 1988 Ohio Atty.Gen.Ops.No. 88-209 (finding that "the [Public Utilities Commission] Nominating Council's annual meeting to select a chairman and secretary" pursuant to R.C. 4901.021(C) "would constitute a regular meeting").

10

**{¶49}** Even if we assume that the commission's meetings were "special" meetings, Mr. Ames did not specify the subsection of R.C. 121.22 that the commission allegedly violated each time it failed to provide "public notice." And the legal theory that Mr. Ames articulated on summary judgment is not supported by the statutory text.

**{¶50}** For instance, a public body does not violate R.C. 121.22(F) by failing to provide "public notice" of its special meetings. Rather, it violates R.C. 121.22(F) by failing to adopt a rule. *See Doran v. Northmont Bd. of Edn.*, 2d Dist. Montgomery No. 19956, 2003-Ohio-7097, ¶ 14 ("*Doran III*") ("[I]t was the [public body]'s failure to establish a rule, not the meetings that were conducted, which violated O.R.C. § 121.22(F)"); *State ex rel. Patrick Bros., A Gen. Partnership v. Bd. of Putnam Cty. Commrs.*, 3d Dist. Putnam No. 12-13-05, 2014-Ohio-2717, ¶ 25 ("The failure to have the required rules and procedures is a violation of R.C. 121.22(F)").

**{¶51}** In addition, a public body's failure to adopt a rule pursuant to R.C. 121.22(F) does not automatically render its meetings "secret" or "closed." *See Doran III* at ¶ 12. In fact, the OMA indicates that a public body may violate R.C. 121.22(F) and still conduct an "open meeting." The last sentence of R.C. 121.22(H) states, "A resolution, rule, or formal action adopted in an *open meeting* is invalid if the public body that adopted the resolution, rule, or formal action violated *division (F) of this section*." (Emphasis added.) *See id.*

**{¶52}** A public body's failure to provide "public notice" may be a relevant factor in determining whether it violated its "open meeting" obligations in R.C. 121.22(A) and (C), which could result in the invalidation of its formal actions pursuant R.C. 121.22(H). However, Mr. Ames did not contend on summary judgment that the commission's 2018-

11

Case No. 2021-P-0074

2019 meetings were not "open meetings," nor did he seek to invalidate the commission's formal actions. *See*, *e.g.*, *Doran III* at ¶ 6 (where the appellant raised such claims). Rather, the commission itself first raised the issue of "open meetings" in its opposition to Mr. Ames' motion for summary judgment. Thus, the issue of whether the commission's meetings were "open meetings" was not properly before the trial court.

{¶53} By failing to state with particularity the legal basis for his request for 30 injunctions and by asserting a novel and unsupported legal theory, Mr. Ames did not satisfy his initial burden on summary to establish that he was entitled, as a matter of law, to 30 additional injunctions. Rather, Mr. Ames established one OMA violation as a matter of law -- the commission's failure to adopt a rule pursuant to R.C. 121.22(F) -- for which the trial court issued the required statutory remedies.

{¶54} Accordingly, the trial court did not err in ruling that Mr. Ames was entitled to only one injunction.

{¶55} Mr. Ames' fourth assignment of error is without merit.

### Trial Court Findings

{¶56} In his first, second, and third assignments of error, Mr. Ames contends that the trial court erred in finding, respectively, that "all commission meetings were open to the public"; that "the local Record Courier newspaper was notified of the meetings"; and that the commission's OMA violations were "identical, technical in nature, and without improper motive."

{¶57} Our de novo review encompasses the trial court's reasoning and analysis on summary judgment. *See Covender v. State*, 9th Dist. Lorain No. 18CA011355, 2019-Ohio-3715, ¶ 8 ("The trial court's decision is a part of the de novo review process and its

Case No. 2021-P-0074

reasoning and analysis for granting summary judgment are subject to appellate review"). According to the Supreme Court of Ohio, however, "where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." *Agricultural Ins. Co. v. Constantine*, 144 Ohio St. 275, 284, 58 N.E.2d 658 (1944). This is because "reviewing courts affirm and reverse judgments, not the reasons for the judgments." *Geneva v. Fende*, 11th Dist. Ashtabula No. 2009-A-0023, 2009-Ohio-6380, ¶ 3.

**{¶58}** As explained above, the trial court did not err in ruling that Mr. Ames was entitled to only one injunction. To the extent the trial court's judgment entry reflects erroneous reasoning or analysis, such errors are harmless.

**{¶59}** Mr. Ames' first, second, and third assignments of error are without merit.

### Terms of Injunction

**{¶60}** In his fifth assignment of error, Mr. Ames challenges the terms of the injunction that the trial court issued.

**{¶61}** Generally, trial courts retain broad discretion to fashion the terms of an injunction. *Adkins v. Boetcher*, 4th Dist. Lawrence No. 08CA3060, 2010-Ohio-554, ¶ 35. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004). However, to the extent we are required to construe and apply sections of the Ohio Revised Code, our review is de novo. *State v. Talameh*, 11th Dist. Portage No. 2011-P-0074, 2012-Ohio-4205, ¶ 20.

**{¶62}** Mr. Ames first contends that the injunction is a "nullity" and "without any legal effect" because the commission had already adopted a rule pursuant to R.C.

13

121.22(F). Essentially, Mr. Ames argues that injunctive relief for the commission's violation of R.C. 121.22(F) was rendered moot.

{¶63} Notably, Mr. Ames asserted the opposite position in his brief in opposition to the commission's motion to dismiss, arguing that the mootness doctrine was not applicable to injunctive relief pursuant to R.C. 121.22(I)(1). The Second District found merit to that position in *Doran v. Northmont Bd. of Edn.*, 153 Ohio App.3d 499, 2003-Ohio-4084, 794 N.E.2d 760 ("*Doran II*"), stating, "[W]e cannot conclude that the issues presented are moot. R.C. 121.22(I)(1) requires that the court issue an injunction where a violation of the statute has been proven. It is irrelevant whether the injunction is actually and currently necessary to prevent a future harm." *Id.* at ¶ 20.

{¶64} Similarly, the Third District held that "[a]lthough the violation of [R.C. 121.22(F)] may be remedied, the remedy does not negate the prior violation and the statute mandates that an injunction be issued if a violation was found to have existed." *Patrick Bros.*, *supra*, at ¶ 24; *see also* R.C. 121.22(I)(3) ("Irreparable harm and prejudice to the party that sought the injunction shall be conclusively and irrebuttably presumed upon proof of a violation or threatened violation of this section").

{¶65} Mr. Ames also expressly requested this injunctive relief in his initial and amended complaints, stating as follows:

{¶66} "WHEREFORE, Plaintiff prays for judgment against Defendant, and that the Court * * * [e]njoin the Commission to establish, by rule, a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings."

14

Case No. 2021-P-0074

{¶67} Thus, any error based on "mootness" was either invited or harmless. *See State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27 ("Under [the invited-error] doctrine, a party is not entitled to take advantage of an error that he himself invited or induced the court to make"); *Smith v. Flesher*, 12 Ohio St.2d 107, 110, 233 N.E.2d 137 (1967) ("It is an elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him").

{¶68} Mr. Ames next contends that the trial court's injunction does not comply with R.C. 121.22(I)(1) because it does not expressly reference the commission's individual members or the consequences of a violation. According to Mr. Ames, a "proper" injunction would have stated as follows:

{¶69} "Defendant Portage County Budget Commission and its individual members are enjoined to comply with all the provisions of R.C. 121.22. Failure to do so may result in the Portage County Budget Commission and its individual members being held in contempt of this court and the imposition of penalties."

{¶70} Mr. Ames cites no authority indicating that this language is required, and R.C. 121.22(I)(1) does not compel it.

{¶71} In addition, the trial court's injunction necessarily binds the commission's members by operation of law. Specifically, R.C. 121.22(I)(4) provides that "[a] member of a public body who knowingly violates an injunction issued pursuant to division (I)(1) of this section may be removed from office by an action brought in the court of common pleas for that purpose by the prosecuting attorney or the attorney general." *See also* Civ.R. 65(D) ("Every order granting an injunction * * * is binding upon the parties to the

15

action, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the order whether by personal service or otherwise").

{¶72} Further, the trial court has both inherent and statutory contempt powers in the event a court order is violated. *See Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988) ("The power of contempt is inherent in a court, such power being necessary to the exercise of judicial functions"); R.C. 2727.11 ("An injunction or restraining order granted by a judge may be enforced as the act of the court, and disobedience thereof may be punished by the court, or by a judge who granted it in vacation, as a contempt").

{¶73} Accordingly, we find no reversible error regarding the terms of the trial court's injunction.

{¶74} Mr. Ames' fifth assignment of error is without merit.

{¶75} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J., concurs,

MATT LYNCH, J., dissents with a Dissenting Opinion.


_____


MATT LYNCH, J., dissents with a Dissenting Opinion.

{¶76} I respectfully dissent and would reverse the decision of the lower court with regard to its finding that "all commission meetings were open to the public." Any fair

16

Case No. 2021-P-0074

assessment of the evidence in the record, discussed below, must compel the reasonable mind to conclude Ames has raised a genuine issue of material fact as to whether the commission meetings were open to the public.

{¶77} The majority wholly avoids addressing the issue on the grounds that "Mr. Ames did not contend on summary judgment that the commission's 2018-2019 meetings were not 'open meetings.'" *Supra* at ¶ 52. On the contrary, Ames' Amended Complaint alleges, in separate Counts, that each of the meetings in question were not "open" because they were not properly noticed. Ames' Memorandum in Support of Summary Judgment addresses each Count as alleged and cites supporting evidence.

{¶78} Assuming, arguendo, that Ames failed to properly present these claims, the lower court's judgment should still be reversed inasmuch as the Budget Commission did not move for summary judgment. If Ames failed to meet his burden on summary judgment, his motion is properly denied. It does not follow that the Budget Commission is entitled to judgment as a matter of law. Yet the lower court, sua sponte, made the finding that all the Budget Commission's meetings were open to the public and, thus, complied with the provisions of the Open Meetings Act.

{¶79} This court has recognized that "it is well-settled that a trial court 'may not sua sponte grant summary judgment premised on issues not raised by the parties.'" (Citation omitted.) *Ranallo v. First Energy Corp.*, 11th Dist. Lake No. 2005-L-187, 2006-Ohio-6105, ¶ 26 (cases cited). If, as the majority asserts, "Mr. Ames did not contend on summary that the commission's 2018-2019 meetings were not 'open meetings,'" then the trial court erred by granting summary judgment sua sponte in favor of the Budget Commission on an issue not raised by the parties. If Ames did raise the issue, this court

17

errs by not addressing the issue. Logical inconsistencies aside, Ames did raise the issue of whether the meetings were open meetings for purposes of summary judgment and, if he failed to carry his burden of demonstrating that he was entitled to judgment as a matter of law, he at least raised a genuine issue of material facts as to whether the meetings were open meetings.

{¶80} In the Amended Complaint, Ames alleged 30 specific instances (Counts 2 through 31) of the Act's violation each captioned Failure To Provide Notice Of Meetings. These Counts identify particular meetings by date and each Count expressly alleges that each meeting "was not a regularly scheduled meeting," "[t]he Commission did not give public notice of the time, place, and purpose of the meeting" and, therefore, "[t]he meeting was held in violation of R.C. 121.22." *See State ex rel. Masiella v. Brimfield Twp. Bd. of Trustees*, 2017-Ohio-2934, 91 N.E.3d 1, ¶ 45 (11th Dist.) ("[a] key purpose of Ohio's Open Meetings Act is to provide notice to the public and have open meetings"), ¶ 46 ("[a] violation of the Ohio Open Meetings Act requires evidence that a majority of a public body met at a pre-arranged meeting and discussed or deliberated on a matter of public business, outside of a public meeting").

{¶81} In the Memorandum in Support of Summary Judgment, Ames discussed each Count of the Amended Complaint. For Counts 2 to 31, he repeated the claim made in the Amended Complaint that the "Commission did not give public notice of the time, place, and purpose of the meeting." In support of the claim, he relied upon requests for admissions propounded to the Commission. For each of the 30 meetings, the Commission was asked to "[a]dmit that the Commission did not give public notice of the time, place, and purpose of the meeting held on [a given date]." The answers given by

18

the Commission were either "Admit [that the Commission did not give public notice]" or "The Commission notified the Record Courier * * *, admit that no other notice was given."

{¶82} The majority, however, takes the position that Ames "fail[ed] to state with particularity the legal basis for his request for 30 injunctions by asserting a novel and unsupported legal theory." *Supra* at ¶ 53. On the contrary, Ames both alleged and purposed to establish that the meetings in question violated by the Act by not being properly noticed, i.e., were not "open meetings." Ames' Memorandum in Support of Summary Judgment cites both the Open Meetings Act and case law to establish his claims:

> The Open Meetings Act requires members of a public body to take official action, conduct deliberations, and discuss the public business in an open meeting, unless the subject matter is specifically exempted by law. R.C. 121.22(A), (B)(2), (C).
>
> * * *
>
> Every public body must establish, by rule, a reasonable method for notifying the public in advance of its meetings. R.C. 121.22(F); *Katterhenrick v. Fed. Hocking Local School Dist. Bd. of Edn.*, 121 Ohio App.3d 579, 587 (4th Dist.1997) ("Typically, one would expect regular meetings to be scheduled well in advance …").
>
> * * *
>
> ***Furthermore, as alleged in Counts 2-31, Defendant did not give notice to the public of the time, place, and purpose of any of those meetings and those meeting were held in violation of R.C. 121.22.*** The Commission's practice of copying a reporter on an email message does not constitute notice to the public since they [sic] did not actually reach the public." *State ex rel. Patrick Bros. v. Putnam Cty. Bd. of Commrs.*, 3d Dist. No. 12-13-05, 2014-Ohio-2717, ¶ 24; *Doran v. Northmont Bd. of Edn.*, 147 Ohio App.3d 268, 272 (2d Dist.2002).

(Emphasis added.) Memorandum in Support of Summary Judgment, at 16-19. Even the majority acknowledges that a "public body's failure to provide 'public notice' may be a

19

Case No. 2021-P-0074

relevant factor in determining whether it violated its 'open meeting' obligations in R.C. 121.22(A) and (C)." *Supra* at ¶ 52.

{¶83} The foregoing readily establishes that Ames presented evidence that the Commission's meetings were not open to the public contrary to the judgment of the lower court and that Ames did argue that the Commission's failure to give notice violated the Open Meetings Act contrary to the statements of the majority. Accordingly, I respectfully dissent and would reverse the decision of the lower court and remand for further proceedings.